**Jeannine W. WILKINS and Sharon D. Hill, et al., Plaintiffs-Appellants,**

v.

**The UNIVERSITY OF HOUSTON, et al., Defendants-Appellees.**

No. 79–2817.

United States Court of Appeals, Fifth Circuit.*

Jan. 10, 1983.

* Former Fifth Circuit case, Section 9(1) of Public    Law 96–452—October 14, 1980.

Carol Nelkin, Houston, Tex., for plaintiffs-appellants.

Lonny Zwiener, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, COLEMAN and GEE, Circuit Judges.

GEE, Circuit Judge:

Our former opinions in this cause are reported at 654 F.2d 388 (5th Cir.1981) and (on rehearing) 662 F.2d 1156 (5th Cir.1981). There, to summarize, we affirmed the trial court's certification of a broad class, affirmed its rulings adverse to the individual plaintiffs on their claims of sex discrimination in pay or job assignments, and generally affirmed the denial of class relief. Reversed only was the court's ruling against a subclass composed of professional and administrative women employees in the academic division. As to that group, applying the then settled law of the circuit that our review of issues of ultimate fact was not governed by the "clearly erroneous" rule, we reversed, holding that by our independent determination from the record these had been victims of sex discrimination. The Supreme Court —— U.S. ——, 103 S.Ct. 34, 74 L.Ed.2d 47 has now vacated our judgment and remanded the cause to us for further consideration in light of its supervening decisions in *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), and *General Telephone Company of the Southwest v. Falcon,* 457 U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Each of these new authorities tilts the decisional calculus of this case against the individual plaintiffs and the plaintiff class. *Swint* disapproves our long-standing distinction between standards of review to be applied to decisions of ultimate facts and those of subsidiary facts, declaring that the "clearly erroneous" formula of Rule 52(a), Federal Rules of Civil Procedure, applies equally to both. *Falcon* tightens the requirements for class certification in Title VII cases such as this, reversing our own decision in *Falcon*[1] and casting cold water on the former liberal application of our "across-the-board" rule by enjoining careful attention to the prerequisites of Rule 23(a), Federal Rules of Civil Procedure, in Title VII cases. We are directed to reconsider our earlier decision herein by these lights.

By them, we see no occasion to revise our earlier decision insofar as it upholds the trial court's judgment; those of its findings of fact that survived our scrutiny under the same or a broader standard of review need not be reexamined. And since a remand is necessary whether or not we conclude that our decision reversing the court's ultimate finding of no discrimination against the indicated subclass can survive the new standard of review required by *Swint,* we think it appropriate simply to remand the cause to the trial court for a reexamination by it under *Falcon* principles in the first instance of the certification of the sub-class and representatives of it. Further, since the court's original findings deal only generally with the subclass and do not focus upon it specifically, we think a reconsideration of its findings as to it alone would be appropriate and desirable.

As to the subclass of professional and administrative women in the academic division only, then, we vacate our former judgment approving class certification and reversing the court's finding of no discrimination, vacate the lower court's findings on these issues, and remand the cause to that court for such further proceedings regarding these issues as it shall think fit. The

---

[1] Reported at 626 F.2d 369 (5th Cir.1980) and cited by us as authority for upholding the class certification on the appeal of this case. 654 F.2d at 390 n. 2.

court's other findings of no discrimination affirmed by us earlier are affirmed. It is so

ORDERED.