709 F.2d 675
 32 Fair Empl.Prac.Cas. 838,
32 Empl. Prac. Dec. P 33,719
Yvonne NELSON, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
UNITED STATES STEEL CORPORATION, Defendant-Appellee.
 No. 81-7682.
 United States Court of Appeals,
Eleventh Circuit.
 July 11, 1983.
 
 Wiggins & Quinn, Michael Quinn, Birmingham, Ala., for plaintiff-appellant.
 Richard J. Antonelli, U.S. Steel Corp., Pittsburgh, Pa., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, Chief Judge, FAY and SMITH,* Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 This Title VII case is in the court of appeals for a second time. In the first appeal the former Fifth Circuit reversed the district court's holding that the plaintiff Yvonne Nelson had not filed a timely complaint with the EEOC, as required by 42 U.S.C. Sec. 2000e-5(e). The court of appeals held that
 
 
 2
 [t]he dates on which the final discriminatory act allegedly occurred and on which Nelson learned or should have learned of the alleged discrimination are unresolved issues of material fact.
 
 
 3
 Nelson v. U.S. Steel Corp., 618 F.2d 783, slip op. at 3 (5th Cir.1980) (unpublished).
 
 
 4
 On remand the district court held an evidentiary hearing to determine issues surrounding Title VII's timely filing requirement and certification of Nelson's proposed class.[1] See Fed.R.Civ.P. 42(a) (court may, in furtherance of convenience or to avoid prejudice, order a separate trial of any separate issue).
 
 
 5
 At the close of this limited trial the court ruled from the bench that Nelson had not filed a timely EEOC complaint and that Nelson's putative class did not satisfy the requirements of Fed.R.Civ.P. 23. We affirm the district court on the class certification issue but reverse the court's holding that Nelson's suit is barred by the timely filing requirement because the court applied an erroneous legal standard.
 
 I. Timeliness of Nelson's EEOC complaint
 
 6
 42 U.S.C. Sec. 2000e-5(e) states: "A charge ... shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...." This 180 day filing requirement is not jurisdictional but is similar to a statute of limitation, subject to waiver and estoppel. Zipes v. TWA, 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).[2] The issue before us is whether the district court erred in holding that Nelson did not demonstrate that an instance of alleged discrimination occurred within 180 days before she filed her EEOC complaint.[3]
 
 
 7
 On August 10, 1976, Nelson filed her complaint with the EEOC, charging U.S. Steel with racial discrimination in refusing to hire her. She testified at the hearing that four days previously on August 6 she had a telephone conversation with Frank Jones, one of U.S. Steel's personnel officials, in which he informed her that he had "just" filled some clerical positions. At the evidentiary hearing Nelson's counsel seemed to contend that Nelson's version of the telephone conversation provided a sufficient basis for a finding that an instance of alleged discrimination had occurred within 180 days before Nelson's EEOC complaint was filed. In addition, when pressed by the court to enumerate specific instances of alleged discrimination and identify when they occurred, Nelson's counsel, using hiring information submitted by U.S. Steel at the hearing, pointed to U.S. Steel's failure to hire plaintiff for two department clerk positions it filled with white persons on May 10, 1976, and June 14, 1976, respectively, as the factual basis for the contention that an alleged instance of discrimination had occurred within 180 days before Nelson filed her EEOC complaint.
 
 
 8
 The district court, however, held that Nelson had not satisfied the limitation provision. It made a credibility finding against Nelson's account of the August 6 telephone call. Applying the McDonnell Douglas test,[4] the court further held that Nelson was obligated to produce evidence showing that she is qualified for a job filled during the limitation period. Although Nelson testified that Jones had told her that she is qualified for clerical positions, transcript of hearing at 27, the district court evidently concluded that the evidence of Nelson's qualifications for the two department clerk positions filled in May and June was insufficient.
 
 
 9
 In holding that Nelson was obligated to show that she is qualified for the two positions filled in May and June, the district court applied an erroneous legal standard.[5] To satisfy the limitation provision, Nelson was not required to establish a case on the merits under McDonnell Douglas with respect to acts occurring within 180 days before the filing of her EEOC complaint. The statute requires the filing of a complainant's EEOC complaint within 180 days after the alleged instance of discrimination occurred. The issue of Nelson's qualifications is relevant only to the merits of Nelson's claim, not when the acts she alleges to constitute unlawful discrimination occurred. If a plaintiff were required to make out a full case on the merits to satisfy the timely filing provision, considerations of judicial economy would obviously no longer justify conducting a separate trial of the timely filing issue.
 
 
 10
 Nor was Nelson obligated to produce evidence sufficient to support an allegation that she is qualified for the two positions. Nelson was not defending a motion for summary judgment on the merits of the dispute; the hearing was limited to the timely filing and class certification issues.
 
 
 11
 The district court therefore erred in holding at the evidentiary hearing that Nelson had failed to satisfy the timely filing requirement.
 
 
 12
 We vacate the credibility finding concerning the August 6 telephone call in order that the court can reconsider this question. Whether Jones in fact stated that U.S. Steel had just filled clerical positions is relevant to the timely filing issue, that is, when specific acts that provide the basis of Nelson's allegation of discrimination occurred. But Nelson's account of the call is also relevant to the merits of her discrimination claim, that is, whether U.S. Steel filled clerical positions for which Nelson is qualified. The district court arguably had no authority to find facts that go to the very basis of the plaintiff's substantive cause of action in proceedings prior to and separate from an adjudication of the merits. See Land v. Dollar, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 1011 & n. 4, 91 L.Ed. 1209 (1947); McLain v. Real Estate Board of New Orleans, Inc., 583 F.2d 1315, 1323 (5th Cir.1978); McBeath v. Inter-American Citizens for Decency Committee, 374 F.2d 359, 362-63 (5th Cir.1967); Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir.1969); Gordon v. National Youth Work Alliance, 675 F.2d 356, 361, 363 & n. 13 (D.C.Cir.1982) (Robinson, C.J., concurring). Because the evidence concerning the hiring of whites in May and June met the timely filing requirement the court did not need to reach the content of the August 6 call, and, under the authority just discussed, possibly could not validly reach it. The court can reconsider this matter in a full trial on the merits.
 
 II. Class certification
 
 13
 Nelson's complaint asks the district court to certify a class "composed of Negro persons who applied for employment but were wrongfully rejected or who might apply" for employment at U.S. Steel's Birmingham facilities. R. at 2. At the close of the pre-trial hearing the district court declined to certify Nelson's putative class, holding that she had failed to carry her burden of proving Fed.R.Civ.P. 23's requirements of commonality and numerosity. Because Nelson did not establish the requisite commonality between her individual claims and those of the putative class, we hold that the district court did not abuse its discretion in refusing to certify the class.[6]
 
 
 14
 The Supreme Court's recent decision in General Telephone Company v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), illuminates the nature of the burden that must be carried by a Title VII plaintiff who seeks to represent a class. In reversing certification of a class based on an "across-the-board" theory,[7] the Court tightened the requirements for class certification in Title VII cases by enjoining scrupulous adherence to the prerequisites of Rule 23(a). Wilkins v. University of Houston, 695 F.2d 134 (5th Cir.1983) (former Fifth Circuit case). Although the Court agreed with the proposition that "racial discrimination is by definition class discrimination," 457 U.S. at 157, 102 S.Ct. at 2370-2371, 72 L.Ed.2d at 750, it held that the bare allegation of race discrimination does not satisfy Rule 23(a)'s requirement of commonality and typicality.[8] The Court explained:
 
 
 15
 Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims.
 
 
 16
 457 U.S. at 157, 102 S.Ct. at 2370, 72 L.Ed.2d at 750. In addition to presenting evidence relating to her own claim, Nelson was thus required to link her claim with those of the putative class by showing that the discrimination she allegedly suffered was typical or, relatedly, that a policy of race discrimination pervaded U.S. Steel's hiring practices. 457 U.S. at 158, 102 S.Ct. at 2371, 72 L.Ed.2d at 751.[9]
 
 
 17
 Nelson failed to carry the burden described in Falcon. She alleged that U.S. Steel maintains a general policy of race discrimination in its hiring practices but produced no reliable evidence that other class members were victims of discrimination. Nor did she show that the proof or legal arguments involved in her claims and the class claims would be overlapping so that, rather than degenerating into a series of mini-trials, a class suit would advance Rule 23's goal of judicial economy.[10] See Alabama v. Blue Ridge Body Co., 573 F.2d 309, 328 (5th Cir.1978).
 
 
 18
 We reject Nelson's argument that evidence relating to discrimination allegedly suffered by other class members is properly reserved for trial on the merits. Rule 23 enjoins a district court to determine whether a suit should proceed as a class action "as soon as practicable after commencement of [the] action." Fed.R.Civ.P. 23(c)(1). Although a district court holding a pre-trial certification hearing has no "authority to conduct a preliminary inquiry into the merits of a suit," Eisen v. Carlisle and Jacqueline, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), evidence relevant to the commonality requirement is often intertwined with the merits. See Stastny v. Southern Bell Telephone & Telegraph Co., 628 F.2d 267, 274 (4th Cir.1980); Harriss v. Pan American World Airways, Inc., 74 F.R.D. 24, 36-37 (N.D.Cal.1977). A court cannot simply presume that the commonality requirement has been satisfied; the plaintiff bears the burden of proof on this issue. Jones v. Diamond, 519 F.2d 1090 (5th Cir.1975). As the Supreme Court declared in Falcon: "[A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable." 457 U.S. at 160, 102 S.Ct. at 2372, 72 L.Ed.2d at 752. Nelson was thus obligated to show, in at least a preliminary fashion, the required commonality between her claims and those of the putative class. See, e.g., Nichols v. Mobile Bd. of Realtors, Inc., 675 F.2d 671 (5th Cir.1982) (Unit B); Gilchrist v. Bulger, 89 F.R.D. 402, 406 (S.D.Ga.1981) ("Plaintiff's burden of proof to demonstrate the existence of this common question entails more than the simple assertion of its existence, but less than a prima facie showing of liability").
 
 
 19
 We accordingly AFFIRM IN PART, REVERSE IN PART and REMAND for proceedings consistent with this opinion.
 
 
 20
 FAY, Circuit Judge, concurring in part and dissenting in part:
 
 
 21
 Most respectfully, I concur in Section II of Chief Judge Godbold's opinion but dissent as to Section I. The record in this matter is confusing at best. However, it is clear that summary judgment was entered for defendant and vacated on appeal. As pointed out by the Chief Judge, the Court of Appeals held that the "dates on which the final discriminatory act allegedly occurred and on which Nelson learned or should have learned of the alleged discrimination are unresolved issues of material fact." Under an amendment to the plaintiff's complaint, this was alleged to be August 6, 1976. On remand the district court separated the trial and ordered that the first issues to be taken up would be jurisdiction and class certification. In deciding the "jurisdictional issue," the trial court was addressing the factual question--"was the claim filed within the 180 day limitation period?" Sitting as the finder of fact, the trial court heard all of the evidence, made credibility findings, and resolved that "factually" the court had no jurisdiction. At this initial stage of the trial, there was opportunity to present evidence, testimony, cross-examination and argument of counsel. It was during these proceedings that plaintiff's counsel attempted to rely upon several hirings by the defendant for department clerk positions which were filled on May 10, 1976 and June 14, 1976.
 
 
 22
 My review of the record convinces me that the trial judge quite properly ruled on the specific issues raised and presented. As to the plaintiff's allegations and attempted reliance upon the August 6, 1976 telephone call, the trial judge made credibility findings against the plaintiff. The trial court went on to find that the plaintiff had failed to introduce any evidence upon which it could be concluded that she was qualified for either of the positions filled on May 10 or June 14. In essence, the district court held that the plaintiff had failed to establish a prima facie case on the "jurisdictional" issue. I do not understand the Chief Judge's discussion as to what the plaintiff was obligated to prove as to the two positions discussed. All of this took place in a "trial setting." It matters not that this issue had been separated from others. The plaintiff was obligated to establish a prima facie case on the question of jurisdiction. This she failed to do. The Chief Judge's opinion speaks in terms of "allegations." This, I do not understand. The pleadings are a matter of record. A pre-trial conference had been conducted. Full discovery had been had. The case was being tried. It was during the trial that the plaintiff first attempted to rely upon the two department clerk positions reflected by defendant's Exhibit No. 2, but she failed to prove that she was qualified for either. It probably would not be essential, but I find no request by the plaintiff's attorney to further amend her pleadings to include these hirings as a basis for her complaint. Assuming the issues were being tried by consent and the pleadings would be amended (F.R.Civ.P. 15(b)), it seems to me the plaintiff was required to allege and establish the elements set forth in McDonnell Douglas (see footnote 4 of Chief Judge's opinion).[1] Assuming further that the pleadings were so amended, it is clear that the trial court ruled the plaintiff had failed to prove a prima facie case. Pages 98 through 117 of the trial transcript contain a lengthy discussion of the posture of the case, allegations attempted by the plaintiff and the absence of any evidence showing discrimination.[2]
 
 
 23
 This matter went to trial upon an allegation that an act of discrimination occurred on August 6, 1976. The plaintiff, at trial, failed to establish such. As an alternate position, the plaintiff attempted to base her case upon two hirings which showed of record to be May 10 and June 14, 1976. Her proof was inadequate and failed to show that she was qualified for either position. The trial court dismissed the case for lack of jurisdiction. Because I believe the record supports this ruling, I would affirm.
 
 
 
 *
 Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 This "evidentiary hearing" was in fact a separate trial of the time limitation and class certification issues. There was opportunity to present evidence, testimony, documentary evidence, and statements of counsel, and cross-examination. The statements made by the district judge during the hearing as well as the clerk's minutes demonstrate that after taking evidence the court rendered findings of fact and conclusions of law on these issues. See transcript of hearing at 114-17; Record at 58 (clerk's court minutes)
 
 
 [2]
 Although the district court here erred in characterizing the 180 day EEOC filing requirement as jurisdictional, that error was harmless
 
 
 [3]
 As the court recognized in Nelson's first appeal, the 180 day EEOC filing requirement is subject to equitable tolling. The 180 day period begins to run only when the complainant first learns or should have learned of the alleged discrimination. See Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 931 (5th Cir.1975)
 The record here discloses that Nelson does not contend that because the 180 day EEOC filing requirement was tolled she may raise instances of alleged discrimination occurring more than 180 days before her EEOC complaint was filed. Brief of appellant at 15; transcript of hearing at 99-100.
 
 
 [4]
 Under McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII plaintiff can make out a prima facie case of employment discrimination by showing
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 411 U.S. at 802, 93 S.Ct. at 1824.
 
 
 [5]
 In contrast to its treatment of the telephone call, the district court did not find that there is no factual basis for Nelson's allegation of discrimination with respect to the two May and June hires
 
 
 [6]
 Because we conclude that Nelson failed to establish commonality, we need not review the district court's treatment of the numerosity requirement
 
 
 [7]
 Under the "across-the-board" theory, a plaintiff who has allegedly been victimized by race discrimination in one aspect of the employer's employment practices such as hiring may represent a class that includes plaintiffs who have allegedly suffered race discrimination in other aspects of the employer's employment practices such as firing or promotion. See, e.g., Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir.1969)
 
 
 [8]
 The court noted that the commonality and typicality requirements tend to merge because both help insure that the class action is economical and that the interests of other class members are fairly and adequately protected. 457 U.S. at 157 n. 13, 102 S.Ct. at 2371 n. 13, 72 L.Ed.2d at 750 n. 13
 
 
 [9]
 The plaintiff's task in establishing the requisite commonality or typicality is more difficult where, as here, disparate treatment is alleged. Disparate impact cases typically involve readily identified, objectively applied employment practices such as testing procedures. The common reach of such practices is likely to be clearer and easier to establish than a general policy of race discrimination alleged to unite otherwise factually dissimilar disparate treatment claims. See Stastny v. Southern Bell Telegraph & Telephone Co., 628 F.2d 267, 274 n. 10 (4th Cir.1980); Hauck v. Xerox Corp., 78 F.R.D. 375, 378 (E.D.Pa.1978). Cf. 457 U.S. at 159 n. 15, 102 S.Ct. at 2371-2372 n. 15, 72 L.Ed.2d at 751 n. 15:
 Significant proof that an employer operated under a general policy of discrimination conceivably could justify a[n across-the-board] class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decision-making processes.
 
 
 [10]
 The commonality requirement also serves the distinct purpose of insuring that the interests of other class members will be adequately protected and fairly represented. See 457 U.S. at 157-158 n. 13, 160, 102 S.Ct. at 2371 n. 13, 2372, 72 L.Ed.2d at 750 n. 13, 752 (quoting Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125-27 (5th Cir.1969) (Godbold, J., specially concurring))
 
 
 [1]
 Had jurisdiction been based upon diversity of citizenship, surely the plaintiff would be required to make the necessary allegations to that effect. Assuming the issue of "jurisdiction" were tried separately, most certainly the plaintiff would be required to present evidence and establish the elements of diverse citizenship. The trial would not be the setting for recording allegations
 
 
 [2]
 It is hard for me to square this discussion and the trial judge's comments with footnote 5 of the Chief Judge's opinion