**PETTCO ENTERPRISES, INC., et al., Plaintiffs,**

v.

**James C. WHITE, Sr., et al., Defendants.**

**No. CV–94–A–240–N.**

United States District Court, M.D. Alabama, Northern Division.

May 23, 1995.

F. Hilton–Green Tomlinson, Michael L. McKerley, Pritchard, McCall & Jones, M. Jack Hollingsworth, William S. Crowson, Hollingsworth & Associates, Birmingham, AL, for Pettco Enterprises, Inc., Larry B. Petty.

Rachel D. Sanders, Capell, Howard, Knabe & Cobbs, P.A., Montgomery, AL, Jack E. Held, Michael A. Catalano, Sirote & Permutt, Birmingham, AL, Ellen Ruth Leonard, Andrew W. Redd, Alice Ann Byrne, Alabama Dept. of Corrections Legal Div., Montgomery, AL, H. William Wasden, Pierce, Carr & Alford, P.C., Mobile, AL, Michael Bownes, Montgomery, AL, for James C. White, Sr.

Ralph Reynard Norman, III, Michael Bownes, Kathy Shelnutt LeCroix, Alabama Ins. Dept., Montgomery, AL, for Mike Weaver.

Ellen Ruth Leonard, Andrew W. Redd, Alice Ann Byrne, Alabama Dept. of Corrections, Legal Div., Michael Bownes, Montgomery, AL, for Tommy Herring, Ron Sutton, Roy Hightower, Willie Johnson, Randall Lucas, Jerry L. Ferrell, M.J. Thurman, Ronald Weaver, Pat Halliday, Leon Forniss, Billy Mitchem, Glen Newton, Edward Gullion, Billy Owen, James E. Reynolds, Richard Baker.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on Plaintiffs' Motion for Leave to Amend Complaint and Plaintiffs' Motion to Set Aside or in the Alternative Certify the Class under Rule 23(b)(1)(B) or Rule 23(b)(2).[1] In the latter motion, Plaintiffs ask this court to reconsider its ruling of December 22, 1994 which held that this suit could not be brought as a Rule 23(b)(1)(A) class action over the objections of the Defendants. Should the court decline their invitation to reconsider its earlier ruling, Plaintiffs seek permission to file an amended complaint seeking class certification of the suit as either a Rule 23(b)(1)(B) or a Rule 23(b)(2) class action. For the reasons stated in the following opinion, the court finds that Plaintiffs' Motion to Set Aside is due to be DENIED and that Plaintiffs' Motion for Leave to Amend Complaint is due to be GRANTED. Additionally, the court finds that Plaintiffs' Motion to Certify the Class under 23(b)(1)(B) or 23(b)(2) is due to be GRANTED in part.

### II. PROCEDURAL HISTORY & FACTUAL BACKGROUND

Plaintiffs, Pettco Enterprises, Inc. ("Pettco") and Larry B. Petty ("Petty") filed a class action complaint in this court on March 1, 1994. Plaintiffs sought both punitive and compensatory damages as well as declaratory and injunctive relief. This complaint characterized the suit as seeking redress for deprivations of Plaintiffs' Fifth and Fourteenth Amendment rights by Defendants under color of state law pursuant to 42 U.S.C. § 1983. The jurisdictional basis for bringing the suit

---

1. All references within this opinion to Rule 23 refer to Fed.R.Civ.P. 23.

in federal court was 28 U.S.C. §§ 1331 and 1343(3). Plaintiffs purportedly brought the action on behalf of themselves and all members of a class composed of all individuals, partnerships, corporations, or other entities who have suffered injury or property damage as a result of motor vehicle accidents involving State-owned vehicles driven by uninsured prisoners, trustees or inmates on work release programs (hereinafter "inmates"). Plaintiffs named many state officials as Defendants.[2]

Defendant Weaver, the Commissioner of Insurance, brought a Motion for Summary Judgment on July 26, 1994. This court granted the Motion for Summary Judgment filed by Defendant Weaver individually and as Commissioner of the Insurance Department of the State of Alabama in early September 1994. The remaining defendants moved for summary judgment in July, 1994 by raising such issues as Eleventh Amendment immunity and qualified immunity. This Motion for Summary Judgment was denied as moot in light of the numerous changes made in Plaintiffs' Amended Complaint.

On August 26, 1994, Plaintiffs submitted a Brief in Support of Case Proceeding as a Class Action. Plaintiffs sought class certification under Fed.R.Civ.P. 23(a) and 23(b)(2). On September 9, 1994, the court held an evidentiary hearing and oral argument on class certification. At the direction of the court, the Plaintiffs submitted supplemental briefs on the class certification issue on September 19, 1994. On this same date, pursuant to leave of court granted on September 9, Plaintiffs also filed an Amended Complaint. The Amended Complaint varied in two significant ways from the original complaint. In the Amended Complaint, Plaintiffs asked for declaratory and injunctive relief, but not for damages. Plaintiffs also changed the denomination of the type of class treatment which they were seeking. The Amended Complaint and supplemental briefs in support of class certification seek certification of the case **only** as a Rule 23(b)(1)(A) class action.

According to the Amended Complaint, the Plaintiffs are "all individuals, partnerships, corporations, or an other person within the meaning of the Equal Protection and Due Process of Law clauses, and any 'other person' for § 1983 claims." Amended Comp. ¶ II. The Amended Complaint defines the class as

all individuals, partnerships, corporations, or any "other persons" afforded constitutional protection under the rights of Equal Protection and Due Process of Law clauses who have suffered personal injury and/or property damage arising out of the negligent or wrongful acts and omissions committed by an inmate driving a State-owned vehicle while in the custody or control of the Department of Corrections for the State of Alabama.

Am. Comp. ¶ V. And although the Amended Complaint bears a caption similar to the original complaint, it describes the defendants rather than naming them.[3]

---

**2.** The Defendants named in the original complaint include: James C. White, Sr., Director of the Finance Department of the State of Alabama; Mike Weaver, Commissioner of the Insurance Department of the State of Alabama; Tommy Herring, Commissioner of the Corrections Department for the State of Alabama; Ron Sutton, Associate Commissioner of the Corrections Department of the State of Alabama; Roy Hightower, Regional Coordinator for the Work Release Program of the Corrections Department of the State of Alabama; Willie Johnson, Regional Coordinator for the Work Release Program of the Corrections Department of the State of Alabama; Randall Lucas, Director of the Childersburg Community Work Center; Jerry L. Ferrell, Director of the Loxley Community Work Center; M.J. Thurman, Director of the Alex City Work Release Center; Ronald Weaver, Director of the Atmore Work Release Center; Pat Halliday, Di-

rector of the Birmingham Work Release Center; Leon Forniss, Director of the Camden Work Release Center; Billy Mitchem, Director of the Decatur Work Release Center; Glen Newton, Director of the East Thomas Work Release Center; Edward Gullion, Director of the Elba Work Release Center; Billy Owen, Director of the Hamilton Work Release Center; James E. Reynolds, Director of the Director of the Mobile Work Release Center; and Richard Baker, Assistant Director of the Montgomery Work Release Center.

**3.** The defendants are described as "those individuals who have defined, implemented, and carried out the policies, customs, practices and procedures that allow State inmates in the custody and control of the Department of Corrections of the State of Alabama, to drive State-owned vehicles

The Amended Complaint alleges that Defendants, acting either separately or in concert, deprived Plaintiffs of various constitutional rights under the Fifth and Fourteenth Amendments. The Defendants allegedly authorized inmates to operate vehicles owned by the State of Alabama. Although Defendants knew that the prisoners were judgment proof, Defendants allowed the prisoners to drive these vehicles without insurance.

Moreover, Plaintiffs allege that Defendants have created a system of remuneration for persons injured as a result of accidents involving vehicles owned by the State of Alabama which is arbitrary and capricious and which allows for deprivation of individual property rights without due process of law or equal protection of the law. The actions of the Defendants were deliberately indifferent to Plaintiffs' constitutional rights. The acts of Defendants have caused Plaintiffs to lose large sums of money for personal injuries and property damage caused by the prisoners.

Plaintiffs seek a declaration of their rights and an injunction which prevents Defendants from denying that prisoners operating State-owned vehicles are agents or employees for purposes of §§ 36–1–6 and 36–1–6.1 of the Alabama Code. Plaintiffs seek an order making Defendants extend to them the same benefits and protection they would receive if they had been in an accident involving a non-prisoner employee or agent of the State of Alabama. Plaintiffs ask for attorneys' fees under 42 U.S.C. § 1988. Finally, Plaintiffs request "other such relief as the Court may seem appropriate, including costs and expenses." Am. Comp. ¶ 5(e).

On December 22, 1994, this court issued a Memorandum Opinion and Order denying Plaintiffs' request for class certification under Fed.R.Civ.P. 23(b)(1)(A). Plaintiffs now seek reconsideration of that decision. In the alternative, Plaintiffs ask to again be allowed to amend their complaint and to seek certification of the class as a Rule 23(b)(1)(B) or a Rule 23(b)(2) class action.

on the public roads of Alabama without affording them the same coverage provided to all other agents and employees of the State of Alabama as

## III. DISCUSSION

### A. Motion to Reconsider Prior Ruling on Class Certification

Despite the Plaintiff's dissatisfaction with the result, this court stands by its prior ruling that it is inappropriate to certify a Rule 23(b)(1)(A) class over objection of the party opposing the class. *See, e.g., Pruitt v. Allied Chemical Corp.,* 85 F.R.D. 100, 106–07 (E.D.Va.1980) ("Subsection (b)(1)(A) is designed to protect the interests of the party opposing the class. Where that party does not seek the protection of a (b)(1)(A) class action, as [the defendant] has chosen not to do in the present case, the availability of the class action asserted under Rule 23(b)(1)(A) is questionable."); *Chmieleski v. City Products Corp.,* 71 F.R.D. 118, 155 (W.D.Mo.1976) (Rule 23(b)(1)(A) certification inappropriate where plaintiffs offered no evidence of the likelihood future parties attempting to impose different standards of conduct on the defendant and where the defendants opposed certification of the class under 23(b)(1)(A).); *Alsup v. Montgomery Ward & Co.,* 57 F.R.D. 89, 92 (N.D.Cal.1972) ("[S]ince defendant is opposing the class action motion, it is apparently willing to accept any risk, no matter how imaginary, of such varying adjudications. Accordingly, a (b)(1)(A) class action is inappropriate.")

The court recognizes that, as pointed out by Plaintiffs, Professor Hubert B. Newberg is of a different opinion about the appropriateness of certification in these circumstances. *Newberg on Class Actions,* § 4.07. However, although Professor Newberg is a well known scholar, his treatise is not binding authority on this court, and the court does not agree with his conclusions on this issue. Moreover, Plaintiffs fail to provide any binding precedent which suggests that this court's interpretation of the language of Rule 23(b)(1)(A) is incorrect. Therefore, the court finds that reconsideration of its prior holding on the appropriateness of Rule 23(b)(1)(A) certification in this case is not necessary. In light of this holding, the court

set forth under § 36–1–6 and § 36–1–6.1, Alabama Code (1975) for the protection of the general public." Am. Comp. ¶ III.

next turns its attention to Plaintiffs' Motion to Amend and Motion to Certify the Class under Rule 23(b)(1)(B) or Rule 23(b)(2).

## B. Motion to Amend

■ Plaintiffs seek permission to file a Second Amended Complaint delineating the identity of the Plaintiffs and of the Defendants and describing additional sections of the Federal Rules of Civil Procedure under which they seek class certification. Plaintiffs contend that such amendment will in no way prejudice the Defendants. Defendants have not objected to such an amendment. The court finds that Plaintiffs' Motion for Leave to Amend Complaint is due to be GRANTED.

The Second Amended Complaint clarifies that the named plaintiffs are still Pettco and Petty. The Second Amended Complaint further clarifies that Plaintiffs bring suit against all of the defendants named in the original complaint except for Mike Weaver. By filing the Second Amended Complaint, Plaintiffs seek to expand the definition of the class. Both the original complaint and the Amended Complaint sought relief for persons who have suffered personal injury and/or property damage arising out of negligent or wrongful acts or omissions committed by an inmate driving a State-owned vehicle while in the custody of the Department of Corrections of the State of Alabama. The Second Amended Complaint specifies that the Plaintiffs intend the new class definition to additionally encompass all persons who will suffer such an injury in the future. Finally, the court notes that the Second Amended Complaint adds allegations that purportedly bring the suit within the category of suits appropriately brought under Rule 23(b)(1)(B) and 23(b)(2).

## C. Motion for Class Certification

Plaintiffs persistently seek certification of this lawsuit as some sort of class action. In their latest attempt at class certification, Plaintiffs ask this court to certify the suit under Rule 23(b)(1)(B) or Rule 23(b)(2). Defendants have filed nothing in response to Plaintiffs' request for certification. Thus, the only arguments in opposition to class certification now before this court are the arguments made by Defendants in opposition to Plaintiffs' original Motion for Class Certification. The court will consider those arguments to the extent that they apply to this Second Amended Complaint. Specifically, the court will address whether the named plaintiffs have standing to assert the claims in this case and whether the Plaintiffs have met the requirements of Rule 23(a). Additionally, the court will address the appropriateness of this court exercising jurisdiction over some of the claims.

### 1. Standing

■ The first problem the Plaintiffs face in attempting to certify this suit as a class action is standing. It is clear that the named plaintiffs must have individual standing in order to bring a claim on behalf of the class who suffered the same injury. *See, Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The question for this court is whether Pettco and Petty have the requisite standing to bring this suit seeking declaratory and injunctive relief from the policies and practices of the Defendants.[4]

■ The named plaintiffs have standing to pursue this suit. The core of the standing doctrine is a requirement that a plaintiff allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *See, e.g., County of Riverside, Calif. v. McLaughlin,* 500 U.S. 44, 51, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991); *Church v. City of Huntsville, Ala.,* 30 F.3d 1332, 1335 (11th Cir.1994). Pettco and Petty sufficiently allege that the policies of the state officials named as defendants in this suit have caused them to suffer injury. They allege that they have suffered personal injury and/or proper-

4. At the time that Defendants articulated this argument, the only complaint before the court was the Amended Complaint which was somewhat ambiguous as to the identity of the named plaintiffs in the suit. The Second Amended Complaint eliminates this ambiguity by clarifying that Pettco and Petty are the named plaintiffs. Thus, it is the standing of Pettco and Petty that is relevant to this court's decision at this time. Moreover, to the extent that the Defendants claim that Plaintiffs' lack of specificity in the Amended Complaint created a standing problem, this issue is now moot.

ty damage arising out of negligent or wrongful acts or omissions committed by an inmate driving a State-owned vehicle while in the custody and control of the Department of Corrections for the State of Alabama. Moreover, Defendants have created a system of remuneration for persons injured as a result of accidents involving vehicles owned by the State of Alabama which is allegedly arbitrary and capricious and which allegedly allows for the deprivation of individual property rights without due process of law. Pettco and Petty seek a declaration that this system violates the United States Constitution and an injunction which will alter the way that Defendants process claims such as those of Pettco and Petty.

Defendants contend that Pettco lacks standing because it is a corporation. Defendants argue that although the Supreme Court has held that a corporation is a person within the meaning of the Fourteenth Amendment and permitted to bring suit under Section 1983, corporations, like Pettco, lack standing to bring a claim based upon a deprivation of privileges and immunities. Defendants' argument mistakes the nature of the suit. Plaintiffs are not asserting any rights under the privileges and immunities clause of the Fourteenth Amendment, rather they contend that they have been deprived of equal protection and due process of law. Thus, Defendants' argument that Pettco lacks standing is without merit.

Having determined that the named plaintiffs, Pettco and Petty, have standing to bring this suit, the next task for this court is to determine the appropriateness of certifying the suit as a class action.

### 2. Prerequisites to Class Certification

#### a. Rule 23(a)

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certifying and maintaining a class action. The rule provides in relevant part:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

 In this case, the Plaintiffs contend that all of the prerequisites of 23(a) are satisfied and that this action is a proper class action under one or more of the provisions of Rule 23(b). The burden of establishing the specific prerequisites to a Rule 23 action falls on those seeking to certify their suit as a class action. *Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir.1984); *Bradley v. Harrelson,* 151 F.R.D. 422, 425 (M.D.Ala.1993). Furthermore, in determining whether the named plaintiffs have met their burden, the court's inquiry is limited to whether the requirements of Rule 23 have been satisfied; therefore, the court shall not consider the merits of the plaintiffs' claims. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 722–23 (11th Cir.1987); *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir.1984).

This principle, however, should not be invoked so rigidly as to artificially limit a trial court's examination of the factors necessary to make a reasoned determination of whether Rule 23 has been satisfied. *Love,* 733 F.2d at 1564. Accordingly, a court may look beyond the pleadings in determining whether a motion for class certification should be granted. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Kirkpatrick,* 827 F.2d at 722.[5]

---

**5.** "Determination of the question of whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court, and its determination will not be overturned absent a showing that it has abused its discretion." *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1543–44 (11th Cir.1987). *Accord, Califano v. Yamasaki,* 442 U.S. 682, 703, 99 S.Ct. 2545, 2558–59, 61 L.Ed.2d 176 (1979) (District courts have broad discretion concerning issues of class certification).

Rule 23(a)(4) requires a court to determine whether the named plaintiffs have common interests with the unnamed members of the class and whether it appears that the named plaintiffs will vigorously prosecute the interests of the class through qualified counsel. *See, Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir.1973).[6] Defendants do not contest the latter of these two inquiries; therefore, this court's inquiry is limited to the former.

As a preliminary matter, the court notes that this is a suit which targets the individuals who have defined, implemented, and carried out the policies, customs, practices and procedures that allow state prisoners in the custody and control of the Department of Corrections of the State of Alabama to drive State-owned vehicles on the public roads of Alabama without affording them the same liability coverage provided to all other agents and employees of the State of Alabama. This challenge to the constitutionality of the actions of various officials of the State of Alabama seeks to permanently restrain and enjoin the Defendants from denying that prisoners operating State-owned vehicles for and under the control of the Alabama prison officials are agents or employees of the State for purposes of § 36–1–6 and § 36–1–6.1 of the Alabama Code. This suit also seeks an order from this court stating that the Defendants must extend to Plaintiffs the same benefits and protection as provided to other private citizens of the State of Alabama who are involved in vehicular accidents with agents and employees of the State of Alabama. Clearly, this suit seeks relief from the State of Alabama and its agents.

The declaration and injunctive relief that Petty seeks in this suit could have an effect on the way the state officials process his claim and the claim of his company.[7] Petty made a claim for personal injury damages in excess of his out-of-pocket expenses, but the State determined under its challenged system that he was only entitled to reimbursement for actual expenses in excess of any payments by his own insurance and issued him a check in that amount. Petty refused to accept payment for only his out-of-pocket expenses and did not cash the check. At the time that this suit was filed, the processing of Petty's claims was not yet complete. Thus, prospective injunctive relief could provide a meaningful remedy to Pettco and Petty and class members who have not allowed their claims to be processed. Similarly, the members of the class who will suffer a similar injury in the future could benefit from prospective injunctive relief.

Although prospective injunctive relief could remedy the injuries suffered by Plaintiffs such as Pettco and Petty, including the future class members, it cannot remedy any harm allegedly suffered by the other class members due to the allegedly unconstitutional practices of the state officials who are defendants in this case. A thorough review of the record reveals that Plaintiffs have not adequately shown that any purported plaintiff other that Petty is in the situation of having a pending claim the handling of which could be affected by declaratory relief or prospective injunctive relief alone. In fact, all of the witnesses other than Petty who testified at the hearing on the motion for class certification stated that they had filed claims and cashed their state issued checks and completed the processing of their claims. The only remedy that could provide any relief to class members who have processed their claims with the State under the existing system would have to provide retroactive monetary relief. Such a difference in remedies sought interferes with the ability of the Plaintiffs to discharge their burden of demonstrating that class treatment is appropriate under Rule 23(a) because Pettco and Petty have claims that are not representative of the class as Plaintiffs have defined it, to the extent that the purported class would include claimants who have already processed their claims.

---

**6.** In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

**7.** The complaint seeks only prospective injunctive relief.

In the instant case the difference in the remedies needed by the named plaintiffs and other class members creates a conflict between Pettco and Petty and other members of the purported class. Defendants' previously filed motion for summary judgment was based in part on the argument that the Eleventh Amendment bars this suit. Thus, the Defendants can be expected to contend that the Eleventh Amendment bars this suit when the court allows submission of motions for summary judgment on the Second Amended Complaint.[8] Even if the Defendants fail to raise an Eleventh Amendment challenge to the appropriateness of jurisdiction in this court, the court could sua sponte determine the issue. *See, Whiting v. Jackson State Univ.*, 616 F.2d 116, 127 n. 8 (5th Cir.1980). *Accord, Mascheroni v. Board of Regents*, 28 F.3d 1554, 1558–59 (10th Cir. 1994) (collecting cases); *Abiff v. Slaton*, 806 F.Supp. 993, 997 n. 7 (N.D.Ga.1992). The Eleventh Amendment bars suits against states and state officials in their official capacities unless the suits seek prospective injunctive relief.[9] Thus, the interests of Pettco and Petty, who have claims for which prospective injunctive relief could make a meaningful difference, will be in conflict with the interests of other members of the purported class who need retroactive monetary relief.

The court cannot say that it is clear that the class claims are so interrelated that the interests of the class members, as defined by Plaintiffs, will be fairly protected in their absence. *See, Falcon*, 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13. The existence of such a conflict of interests between the named plaintiffs and the other class members prevents Plaintiffs from satisfying their burden of showing that the representative parties will fairly and adequately protect the interests of the class **as defined** and that the claims of the representative parties are typical of the claims of the class.

There is no evidence before the court to establish that there are others who have been injured but who have not settled their claims. As to the others who have been injured and who have settled their claims, Pettco and Petty are not representative of them; they are not similarly situated. However, the alteration of the class definition in the Second Amended Complaint to include future class members who will suffer injury can save Plaintiffs' Motion for Class Certification. The claims of Pettco and Petty are sufficiently representative of the claims of the future class members; they can all be remedied by prospective injunctive relief. Additionally, this court finds that the number

8. The court notes that Plaintiffs have sued some of the defendants in both their official and their individual capacities. Even though the Eleventh Amendment is not a jurisdictional bar to suits against state officials in their individual capacities, the court sees no way in which the defendants that Plaintiffs have sued in their individual capacities could provide any of the requested relief in their individual capacities.

9. The Eleventh Amendment provides that

[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. The Eleventh Amendment deals only with a federal court's jurisdiction to hear suits against the state, not with the state's immunity from suit in any forum. *Hufford v. Rodgers*, 912 F.2d 1338, 1340–41 (11th Cir.1990) *cert. denied*, 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991). The Eleventh Amendment insulates a state from private parties seeking to impose a liability in federal court which must be paid from public funds in the state treasury. *See, Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). This rule applies whether the plaintiff brings an action for damages against a state, a state agency or instrumentality, or a state official. *Id.* Thus, the Eleventh Amendment bars suits for damages against state officials acting in their official capacity when the state is the real party in interest. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). In instances where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity, a federal court may hear the case without running afoul of the Eleventh Amendment. *See, Pennhurst*, 465 U.S. at 98–100, 104 S.Ct. at 906–08; *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979). There is absolutely no evidence before this court that indicates that the State of Alabama has consented to this suit. In fact, all previous submissions indicate that the State will argue that the Eleventh Amendment prohibits this court from exercising jurisdiction over this suit for anything other than prospective injunctive relief.

of members of a class of plaintiffs defined as all those who either will be injured by Defendants' policy in the future or those with claims pending is sufficient to satisfy the requirements of Rule 23(a)(1). The court finds that there are questions of law or fact common to such a class. Moreover, the claims of the named plaintiffs are typical of the class because each has allegedly been damaged by the Defendants' policy and have claims pending, and each along with the rest of the class is allegedly harmed by such policy.

In light of this court's findings that the requirements of 23(a) have been satisfied, this suit may proceed as a class action so long as it is appropriately within one of the types of class actions delineated in Rule 23(b).

### b. Rule 23(b)(2)

Because Defendants' actions and refusals to act have been taken on grounds generally applicable to the class, this case could be resolved by appropriate injunctive or declaratory relief with respect to the class as a whole should the Plaintiffs prevail. Thus, class certification under Fed.R.Civ.P. 23(b)(2) is proper.

### c. Class Definition

The court notes that the class definition that has been approved for class treatment is not the class definition proposed by the Plaintiffs. Thus, the court hereby will certify a class consisting of:

all individuals, partnerships, corporations, or any "other persons" afforded constitutional protection under the rights of Equal Protection and Due Process of Law clauses who have suffered personal injury and/or property damage arising out of the negligent or wrongful acts and omissions committed by an inmate driving a State-owned vehicle while in the custody or control of the Department of Corrections for the State of Alabama and who have not yet processed their claims for remuneration as well as all persons will will suffer such an injury in the future.

### IV. CONCLUSION

For the foregoing reasons, it is the ORDER of this court that:

(1) Plaintiffs' Motion to Set Aside Order of 12/22/94 is DENIED;

(2) The court further ORDERS that Plaintiffs' for Leave Motion to Amend Complaint is GRANTED;

(3) This court ORDERS that Plaintiffs' Motion to Certify the Class is GRANTED, and this suit is hereby certified as a Rule 23(b)(2) class action with the class definition as it appears in this opinion.

(4) Defendants have until June 2, 1995 to file answers to the Second Amended Complaint;

(5) The parties are given until June 9, 1995 to file any dispositive motions relating to the amended complaint.