Mary **REESE,** Velma **Bailey,** Herbert **Jones,** Patricia **Sanders,** and **L.I.F.F.T.,** an unincorporated association, Plaintiffs,

v.

**MIAMI–DADE COUNTY,** Rene **Rodriguez,** Director of the Miami–Dade Housing Agency, **Mel R. Martinez,** Secretary of United States Department of Housing and Urban Development, United States Department of Housing and Urban Development, Defendants.

No. 01–CV–3766.

United States District Court, S.D. Florida.

July 2, 2002.

Charles F. Elsesser, Jr., Florida Legal Services, Inc., Miami, FL, Benjamine Reid, Carlton Fields, Miami, FL, Todd Isaac Espinosa, Nationalo Housing Law Project, Oakland, CA, for Plaintiffs.

John Darrell McInnis, Terrence Andrew Smith, David Stephen Hope, Cynji Lee, Dade County Attorney's Office, Miami, FL, Miami–Dade County and Rene Rodriguez.

Terrence Andrew Smith, Dade County Attorney's Office, Miami, FL, Laura W. Bonn, U.S. Attorney's Office, Miami, FL, for Mel R. Martinez and U.S. Dept. of Housing and Urban Development.

## *ORDER*

HIGHSMITH, District Judge.

THIS CAUSE is before the Court upon Plaintiffs' Motion to Certify the Class (**DE 11**). In their motion, Plaintiffs seek to certify two classes of Plaintiffs. The first class is composed of "[a]ll African–American individuals residing in Scott Homes Public Housing Project as of September 17, 1999." The second class is composed of "[a]ll African–American families who currently are, or will in the future be, on the Miami Dade Housing Agency public housing waiting list." In an order dated May 24, 2002, however, the Court held that the waiting list tenants (the second proposed class) could not establish Article III standing and, therefore, were dismissed from this lawsuit. Accordingly, to the extent Plaintiffs' motion seeks to certify a class of individuals on the public housing waiting list, such motion should be denied. Conversely, for the reasons that follow, Plaintiffs' motion to certify a class of individuals currently residing at Scott Homes, should be granted.

### Discussion[1]

A class action determination is left to the sound discretion of the district court. *Jaffree v. Wallace*, 705 F.2d 1526, 1536 (11th Cir.1983). Class certification is strictly a procedural matter and the merits of the claims at stake are not considered when determining the propriety of the class action vehicle. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The district court may consider both allegations of the complaint and supplemental evidentiary submissions of the parties. *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir.1975).

Rule 23 of the Federal Rules of Civil Procedure governs the certification and mainte-

---

1. In a contemporaneously issued order, the Court has detailed the factual background of this case. Accordingly, in this order, the Court will proceed directly to the analysis of the certification issue.

nance of class actions. Rule 23(a) states that one or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties can fairly and adequately protect the interest of the class. Once these four elements of Rule 23(a) have been satisfied, the plaintiff must demonstrate that the action falls within one of three categories set forth in Rule 23(b). The relevant category in this case is subsection (2). For an action to fall within this subsection, the plaintiff must demonstrate that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

Here, Defendants only argument is that Plaintiffs have not demonstrated the fourth element of Rule 23(a); namely, that the representative parties will fairly and adequately protect the interest of the class.[2] Defendants claim that antagonism exists among the class members regarding the benefits of the HOPE VI plan. Defendants state that, unlike the named Plaintiffs, many of Scott Homes' current tenants support the HOPE VI project and wish to see implementation of the project as currently configured.

■ As mentioned, Rule 23(a)(4) requires the movant to show that the representative party will fairly and adequately protect the interests of the class. To determine if a party seeking class certification has met his or her burden, courts must determine: (1) that the plaintiff's attorney is qualified, experienced and will competently and vigorously

prosecute the suit; and (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class. See, Kirkpatrick v. J.C. Bradford, 827 F.2d 718, 726 (11th Cir.1987); Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir.1985).[3]

■ Class actions, however, are not forbidden in every case in which class members disagree. Horton v. Goose Creek Indep. Sch. Dist., 690 F.2d 470, 486 (5th Cir.1982). Obviously, "[i]n any conceivable case, some of the members of the class will wish to assert their rights while other will not wish to do so." Id.

■ Here, the Court finds that the interests of the Scott Homes' tenants who support implementation of the HOPE VI plan as currently configured, are adequately protected. Although some of the Scott Homes' tenants may disagree with the named Plaintiffs, their position has been asserted "energetically and forcefully" by the two governmental Defendants responsible for administering the HOPE VI plan. See, Horton, at 487. The Court is mindful of the apparent dangers in relying on the opponents of the class to represent the views of dissenting class members. Nevertheless, unlike many class action suits, the facts of this case reveal that the interests of the dissenting class members are sufficiently intertwined with the interests of the governmental Defendants such that their views will be adequately safeguarded. Accordingly, the Court holds that the named Plaintiffs will fairly and adequately protect the interests of the class.[4] Should the interests of the dissenting class members and the governmental Defendants become distinct, the Court will entertain motions for decertification if appropriate.

In light of the foregoing, it is ORDERED AND ADJUDGED that Plaintiffs' motion to

---

**2.** Defendants asserted several jurisdictional arguments in opposition to Plaintiffs' motion for class certification. In an order dated May 24, 2002, the Court ruled on those issues. Accordingly, Defendants only remaining argument is that Plaintiffs have not demonstrated that the representative parties will fairly and adequately protect the interest of the class.

**3.** In this case, the Court notes that Plaintiffs' attorneys are qualified, experienced, and appear ready to competently and vigorously prosecute this action.

**4.** The Court holds that Plaintiffs have met their burden of demonstrating the existence of the remaining elements necessary for class certification.

certify the class is GRANTED IN PART AND DENIED IN PART. The following class is hereby certified: All African–American individuals residing in Scott Homes Public Housing Project as of September 17, 1999. Plaintiffs Mary Reese and Velma Bailey shall be class representatives.