891 So.2d 1109 (2004)
FREEDOM LIFE INSURANCE COMPANY OF AMERICA, a Texas corporation, Appellant,
v.
Kim WALLANT and Louis Borek, on behalf of themselves and all other similarly situated, Appellees.
No. 4D03-866.
District Court of Appeal of Florida, Fourth District.
December 29, 2004.
Rehearing Denied February 17, 2005.
*1112 Elliot H. Scherker and Julissa Rodriguez of Greenberg Traurig, P.A., Miami, for appellant.
Philip M. Burlington of Philip M. Burlington, P.A., West Palm Beach, and Jeffrey M. Liggio of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellees.
PER CURIAM.
Freedom Life Insurance Company of America appeals a non-final order certifying a class of "All persons that have been issued a certificate in the State of Florida by Freedom Life, through the Consumer Independent Association (CIA), under policy form GPPO(A) from July 1, 1996" to February 3, 2003. Freedom Life contends on appeal that the trial court improperly considered the merits of the procedural unconscionability claim raised by the suit in certifying the class, improperly found that Kim Wallant and Louis Borek were adequate class representatives, and erred by certifying the class under Florida Rules of Civil Procedure 1.220(b)(2) and 1.220(b)(3). We agree with Freedom Life's contentions regarding Rule 1.220(b)(2) certification, but affirm in all other respects.

FACTUAL BACKGROUND
Wallant and Borek purchased GPPO(A) health insurance policies from Freedom Life under an out-of-state group health insurance program, administered by CIA, under Florida Statutes section 627.6515. Both later obtained coverage through other insurance plans due to their dissatisfaction *1113 with Freedom Life. In fact, the vast majority of GPPO(A) policyholders, all but 375 of 7,836, are no longer insured by Freedom Life.
Wallant, as a purported class representative, sued Freedom Life due to denied and delayed claims under her policy. Borek later joined the suit as a class representative. The class as defined by the representatives included: "All insured persons who were issued illegal certificates that did not comport with the clear requirements of Fla. Stat. § 627.6515(2) and whose certificates contained adhesion language pertaining to dispute resolution that was both procedurally and substantively unconscionable for five(5) years prior to the filing of the initial complaint." The representatives also alleged that Freedom Life improperly denies and delays claims in contravention of Florida law and the terms of the policies.
In the first count of the complaint, the representatives alleged breach of contract, based on Florida Statutes sections 627.6515 and 627.65625, resulting in monetary loss. This claim includes a request for damages, pre-judgment interest, and penalty interest under Florida Statute sections 627.6698 and 627.428. The second count was for declaratory judgment, seeking that Freedom Life be mandated to comply with Part VII of the Florida Insurance Code regarding claim payment due to noncompliance with section 627.6515(2), which includes a mandate to provide conversion rights as set forth by Florida Statutes section 627.6675, that the dispute resolution provision be rendered unenforceable, and that class members be compensated for violations of Part VII. This claim includes a request for damages, declaratory relief, pre-judgment interest, and penalty interest under sections 627.6698 and 627.428.
Freedom Life responded with a Motion to Abate Pending Alternative Dispute Resolution. Following a hearing on the motion, the trial court denied the motion. The trial court found that the dispute resolution provision on the contract was substantively unconscionable based on its Orlando venue provision, status as an adhesion contract, prohibition on class actions and punitive damages, provision for the selection of arbitrators employed by insurance carriers, and preclusion of any legal action in court. The trial court also indicated that an evidentiary hearing is typically required to determine procedural unconscionability, but that one would be unnecessary in the case at bar because Freedom Life waived its right to arbitration by undertaking extensive discovery.
The representatives then filed a Motion for Class Certification. Following a hearing on the motion, the trial court entered a written order granting the motion. The trial court found that Wallant and Borek established the prerequisites for class certification under Florida Rule of Civil Procedure 1.220(a). The trial court then considered the dispute resolution provision, reiterating that it had previously found the provision to be unconscionable (actually, only substantively so). In the certification order, the trial court wrote that the insureds had little bargaining power, the policy was a classic adhesion contract, and that procedural unconscionability is capable of determination on a class basis. Although the trial court indicated that ample evidence was presented to establish procedural unconscionability, it did not rule that the dispute resolution provision was unconscionable. Finally, the trial court certified the class under both Rules 1.220(b)(2) and 1.220(b)(3).

ANALYSIS
The standard of review applicable to an order certifying a class is abuse of discretion. Renaissance Cruises, Inc. v. *1114 Glassman, 738 So.2d 436, 438 (Fla. 4th DCA 1999).
It is the burden of the party seeking class certification to establish each prerequisite of Rule 1.220(a): numerosity, commonality, typicality, and adequacy of representation. Stone v. Compuserve Interactive Servs., Inc., 804 So.2d 383, 387 (Fla. 4th DCA 2001). In determining whether these prerequisites have been established, a "rigorous analysis" must be conducted. Id. Such an analysis entails the court "look[ing] beyond the pleadings and, without resolving disputed issues, determin[ing] how disputed issues might be addressed on a class-wide basis." Id. (citing Rutstein v. Avis Rent A Car Sys., Inc., 211 F.3d 1228, 1234 (11th Cir.2000)). It is to be determined whether "`the purported class representatives can prove their own individual cases and, by doing so, necessarily prove the cases for each one of the ... other members of the class.'" Bouchard Transp. Co. v. Updegraff, 807 So.2d 768, 771 (Fla. 2d DCA 2002) (citation omitted).
In addition to determining whether the prerequisites of Rule 1.220(a) have been established by the party seeking class certification, the court also must assess whether that party has carried its burden to establish that it its claims are maintainable under at least one basis for class certification under Rule 1.220(b). See Jackson v. Motel 6 Multipurpose, 130 F.3d 999, 1005 (11th Cir.1997); In re Fla. Microsoft Antitrust Litigation, 2002 WL 31423620, at *5 (Fla. 11th Cir.Ct.2002). In undertaking both analyses, the court may refer to federal case law based on analogous Federal Rule of Civil Procedure 23. See Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200, 201 (Fla. 4th DCA 1998).

Procedural Unconscionability
On the issue of procedural unconscionability, Freedom Life asserts that, in certifying the class, the trial court erred by passing on the merits of the representatives' claim that the dispute resolution provision is procedurally unconscionable when certifying the class. Freedom Life bases its argument on two main points. First, because procedural unconscionability is an individualized inquiry concerning the circumstances of the parties at the time of contracting, it requires an evidentiary hearing to be properly reflected upon by the court. See Chapman v. King Motor Co. of S. Fla., 833 So.2d 820, 821 (Fla. 4th DCA 2002)("Appellants' allegations of procedural unconscionability also raise issues of fact requiring an evidentiary hearing."); Bellsouth Mobility LLC v. Christopher, 819 So.2d 171, 173 (Fla. 4th DCA 2002)(lack of evidence as to circumstances at time of contracting mandated an evidentiary hearing on procedural unconscionability); Garrett v. Janiewski, 480 So.2d 1324, 1327 (Fla. 4th DCA 1985)(procedural unconscionability is an individualized matter dependent on the circumstances of contracting).
Second, Freedom Life asserts that it is well established that a court should not consider the merits of a lawsuit when considering whether to certify a class. As the Court wrote in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974):
We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it.
Id. at 177. If such preliminary inquiries of merit were permitted, "[t]he court's tentative *1115 findings, made in the absence of established safeguards, may color the subsequent proceedings and place an unfair burden on the defendant." Id. at 178, 94 S.Ct. 2140. As a result of these fears, the Eisen Court concluded that when deciding whether to certify a class, the trial court's focus should be on whether the prerequisites for class certification have been established. Id.; see also Castano v. Am. Tobacco Co., 84 F.3d 734, 744 (5th Cir.1996)(Eisen"stands for the unremarkable proposition that the strength of a plaintiff's claim should not affect the certification decision."); Reese v. Miami-Dade County, 209 F.R.D. 231, 232 (S.D.Fla.2002)("Class certification is strictly a procedural matter and the merits of the claims at stake are not considered when determining the propriety of the class action vehicle."). However, in heeding Eisen, the court may still consider evidence on the merits of the case, such as whether procedural unconscionability exists, in determining whether the prerequisites for class certification have been established. See Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); Execu-Tech Bus. Sys., Inc. v. Appleton Papers Inc., 743 So.2d 19, 21 (Fla. 4th DCA 1999).
In response to Freedom Life's arguments, the representatives assert that the trial court's comments on procedural unconscionability in the order were solely for the purpose of determining whether to certify the class, and that the trial court did not rule on the merits of the claim. For example, the trial court's recognition of the policy as an adhesion contract was not a determination on the merits, but rather a consideration of the facts supporting certification, and such is not error because "evidence relevant to the commonality requirements is often intertwined with the merits." See Nelson v. United States Steel Corp., 709 F.2d 675, 679 (11th Cir.1983). Overall, the representatives posit that the trial court did not violate Eisen, because it made no determination on the merits of the unconscionability claim and the issue of unconscionability had already necessarily been raised by Freedom Life's motion to abate the lawsuit.
We conclude that the trial court did not abuse its discretion by considering, but not reaching, the procedural unconscionability issue when deciding to certify the class. The trial court was entitled to review the evidence available regarding the procedural unconscionability claim in considering whether the prerequisites of Rule 1.220(a) were established. See Gen. Tel., 457 U.S. at 160, 102 S.Ct. 2364. Moreover, the record demonstrates that the trial court did not conduct an in-depth inquiry into the merits of the procedural unconscionability claim, but rather, focused on whether the prerequisites for class certification had been established. As a result, the trial court did not run afoul of Eisen and Freedom Life's argument is unavailing.

Class Representation
Freedom Life contends that Wallant and Borek are not adequate class representatives. Adequacy of representation requires that" `[a] class representative ... be a part of the class and "possess the same interest and suffer the same injury" as the class members.'" Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (citations omitted). To satisfy this requirement the "named plaintiffs [must] possess undivided loyalties to absent class members." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir.1998). These requirements are intended to insure that "class representatives demonstrate they can fairly and adequately protect and represent the interests of each member of the class." Terry *1116 L. Braun, P.A. v. Campbell, 827 So.2d 261, 268 (Fla. 5th DCA 2002).
Freedom Life asserts that Wallant and Borek do not pass these tests for two main reasons. First, neither remains insured by Freedom Life, which raises an unresolved standing issue. Second, Wallant and Borek do not have any interest in obtaining declaratory relief regarding a policy under which they are no longer insured." `A class suit is [only] maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought.'" Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852, 853 (Fla. 3d DCA 1997)(quoting Imperial Towers Condo., Inc. v. Brown, 338 So.2d 1081, 1084 (Fla. 4th DCA 1976)). Because Wallant and Borek's interests lie entirely with monetary relief and the interests of the unnamed class members lie, at least in part, with declaratory relief, Freedom Life asserts that Wallant and Borek are not adequate class representatives and the class should not have been certified. See Amchem, 521 U.S. at 626, 117 S.Ct. 2231 (goal of currently injured is immediate payment while goal of exposed plaintiffs is fund for future expenses); Broussard, 155 F.3d at 338 (former franchisees interested in maximizing damages while current franchisees interested in restitution and the financial health of the parent company); Slader v. Pearle Vision Inc., 2000 WL 1702026, at *1 (S.D.N.Y.2000)(former employees interested in back pay while current employees interested in injunctive relief); Pettco Enters., Inc. v. White, 162 F.R.D. 151, 158 (M.D.Ala.1995)(named plaintiffs interested in injunctive relief while other class members interested in retroactive monetary relief); Courtesy Auto Group, Inc. v. Garcia, 778 So.2d 1000, 1003 (Fla. 5th DCA 2000)(named plaintiff seeking redress of individual claim might not best represent the interests of other class members).
The representatives reply that Freedom Life's argument on this point fails because Wallant and Borek do have an interest in declaratory relief regarding the dispute resolution provision, because it impacts their ability to seek and obtain damages in court. In fact, Wallant and Borek are quite representative of the class, because most class members are no longer insured by Freedom Life, and would be interested in the same type of relief as the representatives. As a result, Wallant and Borek assert they are adequate class representatives because their claims and interests share an identical legal theory with the claims and interests of the unnamed class members, the question of the enforceability of a "provision common to all of the seller's standard form contracts." See Conley v. Morley Realty Corp., 575 So.2d 253, 258 (Fla. 3d DCA 1991).
We conclude that the trial court did not err by finding Wallant and Borek to be adequate class representatives. First, Wallant and Borek do have an interest in the enforceability of the dispute resolution provision. If the provision is not deemed unenforceable, they will not have the immediate right to obtain damages in court under the policy. Other no-longer insured class members face the same hurdle, and those still insured surely are interested in the provisions contained in the policy in case they too face the need for dispute resolution. Second, Wallant and Borek are interested in recovering damages for delayed and denied claims. Other no-longer insured class members would seek the same recovery, and the remaining insureds may also have such claims. Therefore, all members of the class, named and unnamed, insured and uninsured, possess the same interests in the success of the legal theories regarding the dispute resolution *1117 provision and contract and statutory claims. Additionally, all class members face similar injuries, whether they have yet to be affected by denied or delayed claims or in need of dispute resolution. As such, Wallant and Borek are adequate class representatives because they share the same injuries, interests, and legal theories with the class as a whole.

Rule 1.220(b)
Regarding class certification under Rule 1.220(b), Freedom Life asserts that the trial court erred by certifying the class under either basis it found established, Rule 1.220(b)(2) and Rule 1.220(b)(3).

Rule 1.220(b)(2)
Rule 1.220(b)(2) allows for class certification where "the party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate." Whether grounds for relief are generally applicable to the class as a whole requires a determination of whether the opposing party "`has acted in a consistent manner towards members of the class so that his actions may be viewed as part of a pattern of activity.'" In re Managed Care Litigation, 209 F.R.D. 678, 685-86 (S.D.Fla.2002) (citation omitted). Ground (b)(2) certification is appropriate only for the resolution of class claims that rest on the same grounds and apply equally to all members of the class. Holmes v. Cont'l Can Co., 706 F.2d 1144, 1155 (11th Cir.1983)(emphasizing homogeneity of claims and interests).
Freedom Life believes that these standards have not been met for two main reasons. First, as discussed under the procedural unconscionability section above, procedural unconscionability is too individualized an inquiry to be amenable to class action resolution. Unlike the cases cited by the trial court in support of Rule 1.220(b)(2) certification, the case at bar does not involve a question of the procedural unconscionability of a rent increase, and the cited cases clearly indicate that procedural unconscionability is only appropriate for class certification in appropriate circumstances. See Lanca Homeowners, Inc. v. Lantana Cascade of Palm Beach, Ltd., 541 So.2d 1121, 1124 (Fla.1988); Jones v. Thomas, 541 So.2d 112, 113 (Fla.1989)("In Lanca Homeowners, we ruled that a claim of unconscionable rental increase in a mobile home park setting is suitable for resolution in a class action."); Kohl v. Bay Colony Club Condo., Inc., 398 So.2d 865, 869 (Fla. 4th DCA 1981)("both procedural and substantive unconscionability are susceptible under appropriate circumstances of being pled and proved in a class action."). Even if the representatives could establish that procedural unconscionability exists as to each class member, Freedom Life believes that individualized proof of the impact of the dispute resolution provision on each member, and the damages resulting therefrom, would still be required, precluding class certification. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 457 (11th Cir.1996); Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984).
Second, (b)(2) certification "`does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.'" Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411 (5th Cir.1998) (citation omitted). Monetary relief predominates unless such relief is incidental to the requested declaratory relief, meaning that "damages flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." Id. at 415. "[I]ncidental damages should be only those to which class members automatically would be entitled once liability to the *1118 class (or subclass) as a whole is established." Id."[S]uch damages should at least be capable of computation by means of objective standards not dependent in any significant way on the intangible, subjective differences of each class member's circumstances," nor require additional hearings or evidence to ascertain. Id. Freedom Life contends that monetary relief is the predominant recovery sought in the case at bar and that each class member's damages would be individualized based on the particular claims that were denied or delayed, making Rule 1.220(b)(2) certification inappropriate. See Murray v. Auslander, 244 F.3d 807 (11th Cir.2001); Hammett v. Am. Bankers Ins. Co. of Fla., 203 F.R.D. 690 (S.D.Fla.2001); Powers v. GEICO, 192 F.R.D. 313, 318 (S.D.Fla.1998)((b)(2) certification is inappropriate where a "declaratory judgment count serves the ultimate goal of monetary restitution and is designed primarily to facilitate and ensure the satisfaction of monetary relief.'").
Wallant and Borek maintain that (b)(2) certification was appropriate because the dispute resolution provision appeared in all policies held by the class members as required under Holmes. The representatives also support the trial court's reliance on Lanca for the proposition that procedural unconscionability is amenable to class action review. Finally, Wallant and Borek maintain that the declaratory relief claim does not include a request for monetary damages, so they do not predominate, and the damages resulting from the contract claim will be based on arithmetic calculations regarding payment and denial of claims, with no further evidence required.
We conclude that the trial court abused its discretion by certifying the class under Rule 1.220(b)(2). This is an appropriate factual circumstance in which the question of procedural unconscionability is amenable to class action resolution. Whether the dispute resolution provision which appears in all policies issued to the class is enforceable is an issue which applies to all class members equally, not unlike rent increases, especially because of the common application and policy delivery process. However, monetary issues predominate in the case at bar. Although the claims raised by Wallant and Borek request declaratory relief as an end in itself to a degree, the claims also request monetary damages. Additionally, the declaratory relief sought will serve to facilitate monetary recovery, because unless the dispute resolution provision is deemed unenforceable the class members will have no immediate method of recovery of monetary damages in court, and unless statutory violations are found, bases for monetary recovery will be lacking. Therefore, although declaratory relief is at issue, monetary recovery is the predominant issue, rendering class certification under Rule 1.220(b)(2) inappropriate.

Rule 1.220(b)(3)
Freedom Life further contends that class certification under Rule 1.220(b)(3) was inappropriate in the case at bar. Rule 1.220(b)(3) allows for class certification where "the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy." For class certification to be appropriate under Rule 1.220(b)(3), "`the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" Jackson, 130 F.3d at 1005 (citation omitted); see also Philip Morris USA *1119 Inc. v. Hines, 883 So.2d 292 (Fla. 4th DCA 2003)(applying standard and finding personal smoking behavior too individualized and inquiry for common questions to predominate); Stone, 804 So.2d at 387-88 (applying standard). This inquiry is far more demanding than the commonality inquiry under Rule 1.220(a). Jackson, 130 F.3d at 1005 (citing Amchem).
Freedom Life maintains that in the case at bar, individual facts predominate over any common claim regarding the dispute resolution provision or claim payment, making class certification under (b)(3) inappropriate. "`Serious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability vel non, turn upon highly individualized facts.'" Rutstein, 211 F.3d at 1235-36 (citation omitted). As in Rutstein, many factors regarding each class member's claims must be considered to determine what, if any, damage was incurred, especially because some of the claims may have been denied regardless of any noncompliance with statutes or the presence of the dispute resolution provision. Overall, Freedom Life asserts that (b)(3) certification was inappropriate because individual injury cannot be determined on a class-wide basis as to do so would raise the potential that "the class action may `degenerate in practice into multiple lawsuits separately tried.'" O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732, 744 (5th Cir.2003) (citation omitted).
Wallant and Borek respond that (b)(3) certification was proper, because even where some individualized issues of proof exist in a case, where an issue raised by a common contract provision predominates, "the better reasoned approach is to maintain the suit as a class action and, if required after further development of the issues, permit the lower court to create subclasses." Paladino v. Am. Dental Plan, Inc., 697 So.2d 897, 899 (Fla. 1st DCA 1997). "[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1261 (11th Cir.2003). Because addressing the dispute resolution provision and the applicability of Part VII in the case at bar would resolve the issue of Freedom Life's liability to the class, the representatives contend that the need for some individualized inquiry into damages does not render Rule 1.220(b)(3) certification inappropriate.
We conclude that the trial court did not err by certifying the class under Rule 1.220(b)(3). The common issues that predominate in the case at bar are the enforceability of the dispute resolution provision which is common to all class members' policies and the question of whether statutory violations have occurred that should result in monetary recovery for denied and delayed claims. Any eventual monetary recovery may require some individualized inquiry into the particular claims that each class member had delayed or denied, but it is not inappropriate to certify a class under the circumstances at bar because common issues predominate and subclasses, or other innovative solutions, are available to address any individualized pitfalls. Therefore, because the common issues, involving the enforceability of the dispute resolution provision and compliance with statutes, predominate to an extent that minimizes the risks stemming from any individualized damages inquiry required, certification under Rule 1.220(b)(3) was appropriate.

CONCLUSION
In sum, we conclude that the trial court did not err by considering procedural unconscionability when certifying the class, finding Wallant and Borek adequate class representatives, and certifying the class *1120 under Rule 1.220(b)(3). However, we reverse certification under Rule 1.220(b)(2), and direct that the case be remanded to delete certification on this ground from the order certifying the class.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings consistent with this opinion.
GUNTHER, STEVENSON and TAYLOR, JJ., concur.