JORGENSON, Judge.
Joseph T. Lance and Cross Key Waterways, Inc., appeal from an adverse judgment entered upon a jury verdict finding them liable for compensatory and punitive damages. The central issue in this appeal presents the question of the propriety of the trial court’s submitting to the jury a class action sounding in fraud.[1] For the reasons which follow, we affirm.
Relying on Osceola Groves v. Wiley, 78 So.2d 700 (Fla.1955), appellants contend that an action of this nature may not be maintained. We disagree with that contention. The rule announced in Osceola Groves was characterized as “limited” by our Supreme Court in Frankel v. City of Miami Beach, 340 So.2d 463, 469 (Fla.1976). The Frankel court established a three-prong test which, when satisfied, permits a class action sounding in fraud. That test has been met by the appellees. Where, as here, the plaintiff, class is engaged in a cooperative enterprise (adjacent landowners attempting to use the same undeveloped road), have a joint pecuniary interest (their common ownership of the roadways in the subdivision), and do not have a choice of remedies which may be subject to separate and distinct defenses (the only defenses available to Lance and Cross Key Waterways were proof of contractual compliance, i.e., the building of the roads to county specifications, or the creation of a trial issue that the defendants’ guaranty of the roads was merely “puffing” and thus plaintiff class should not prevail), the Frankel criteria are met.
This case would be unwieldy in the form of individual suits and conforms with the rationale of Justice Terrel in Tenney v. City of Miami Beach, 11 So.2d 188 (Fla.1942), where, speaking for the court, he stated:
The very purpose of a class suit is to save a multiplicity of suits, to reduce the expense of litigation, to make legal processes more effective and expeditious, *162 and to make available a remedy that would otherwise not exist.... To have required 232 separate suits here would have been prohibitive and ridiculous and would have deprived many of a remedy.
11 So.2d at 189.
Appellants’ reliance on Costin v. Hargraves, 283 So.2d 375 (Fla. 1st DCA 1973), Equitable Life Assurance Society of the United States v. Fuller, 275 So.2d 568 (Fla. 3d DCA 1973), and Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4th DCA 1970), is misplaced. Each of those cases fail to satisfy the three-prong test as announced in Frankel and are therefore inapplicable here.
We have examined each of the other issues raised in this appeal and find them to be without merit.
The judgments appealed from are accordingly affirmed.

. The plaintiffs alleged detrimental reliance upon fraudulent representations by the seller in its public offering statement and advertising fliers and upon oral fraudulent representations by the seller’s employees. The representations were that certain paved roads would be provided for access to and travel within a mobile home development.