548 So.2d 1185 (1989)
Craig A. JOHNSON, Appellant,
v.
Michael BOKOR, Appellee.
No. 89-00001.
District Court of Appeal of Florida, Second District.
September 22, 1989.
*1186 Thomas G. Hersem, Largo, for appellant.
Neil E. Polster of George W. Phillips, P.A., Tampa, for appellee.
PARKER, Judge.
Craig A. Johnson appeals the dismissal with prejudice of his third amended complaint for fraud and breach of contract. We reverse.
The lawsuit arose from Johnson's purchase from Michael Bokor of a fifty percent interest in a close corporation, which was Bokor's total interest in the corporation. In the stock purchase agreement executed by the parties, Bokor represented to Johnson that the corporation owed taxes that did not exceed $10,000, when in fact the corporation actually owed taxes of $16,000.
In Count I of Johnson's complaint, he alleged:
1. Johnson purchased certain stock in a close corporation from Bokor pursuant to a Stock Purchase Agreement.
2. Johnson, in making such purchase, relied on Bokor's representations that the tax liabilities of the corporation did not exceed $10,000.
3. Bokor knew that the tax liabilities exceeded $10,000 and hid such fact from Johnson.
4. Subsequent to the purchase, Johnson discovered that the tax liabilities were in excess of $16,000.
5. Johnson relied on the false representations of Bokor, which representations Bokor knew were false and on which Bokor intended Johnson to rely and on which Johnson did rely to his detriment.
6. As a result of Johnson's reliance on Bokor's false representations, Johnson was damaged.
These allegations are sufficient to satisfy the elements of actionable fraud. See Lance v. Wade, 457 So.2d 1008 (Fla. 1984).
In Count II of Johnson's complaint, he alleged that Bokor breached the contract by misrepresenting the tax liabilities of the corporation and failing "to disclose facts about the contract which would have affected the sales price of the contract" or by failing "to convey to plaintiff property which was worth the consideration paid." We find that Johnson properly pleaded a breach of contract action. See Cerniglia v. Davison Chemical Co., 145 So.2d 254, 255 (Fla. 2d DCA 1962).
A party who has been fraudulently induced to enter into a contract has a choice of remedies to pursue against the wrongdoer. For instance, the aggrieved person may sue for damages pursuant to a tort action for fraud and deceit; the party may bring a breach of contract action and sue for the benefits to which he is entitled; or the person may elect to sue for rescission of the contract. 27 Fla.Jur.2d Fraud and Deceit § 68 (1981). See also Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984).
In this case, Johnson chose to affirm the contract and sue for damages under both tort and contract theories.[*] As discussed above, Johnson stated a cause of action in both counts; therefore, the trial court erred in dismissing the third amended complaint.
We find no other points raised on appeal to have merit. We reverse the trial court's dismissal of Counts I and II of the third amended complaint and remand with directions to reinstate Johnson's third amended complaint.
Reversed and remanded with directions.
HALL, A.C.J., and ALTENBERND, J., concur.
NOTES
[*] The parties did not brief, and we therefore decline to decide, whether Johnson must be required to elect between proceeding ex contractu or ex delicto.