749 So.2d 1287 (2000)
SHOMA DEVELOPMENT CORP., d/b/a Shoma Homes, Appellant,
v.
Manuel VAZQUEZ and Elia Vazquez, on Behalf of themselves and all others similarly situated, Appellees.
No. 3D99-1977.
District Court of Appeal of Florida, Third District.
February 23, 2000.
*1288 Akerman, Senterfitt & Eidson and Oscar A. Sanchez and Lida Rodriguez-Taseff, Miami, for appellant.
Agustin Perez-Cervera, Coral Gables; Barbara Green, Coral Gables, and Roy D. Wasson, Miami, for appellees.
Before SCHWARTZ, C.J., and FLETCHER, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Manuel and Elia Vazquez brought the instant action against homebuilder Shoma Development Corporation (Shoma) claiming breach of contract and negligent misrepresentation. The basis of their complaint was the Vazquezes' claim that Shoma had promised the Vazquezes a two car garage on the home they had purchased, however the garage on the couple's finished home could not fit two cars. Thereafter, the Vazquezes filed a Motion for Class Representation seeking to represent the class they identified as other similar home buyers. Their Corrected Second Amended Complaint claimed breach of contract, fraudulent misrepresentation, and negligent misrepresentation. In it they maintained that prior to purchasing their homes from Defendant, the homeowners had been told by Shoma's sales representatives that both the Model C and C-1 home had a two car garage. Also, prior to purchasing their homes, the homeowners were given sales materials consisting of a brochure, a drawing, and a price list, all of which indicated that each Model C and C-1 home had a two-car garage. Also, the complaint alleged that the homeowners had each executed form contracts and that in executing these contracts the homeowners had relied on the above stated oral representations and written representations, the latter of which were specifically referenced in the contracts. A class certification hearing was held and an order certifying the class was entered July 1, 1999. Shoma appeals that ruling.
The general rule is that as to claims of fraud, class actions are not appropriate. In Osceola Groves, Inc. v. Wiley, 78 So.2d 700, 702 (Fla.1955) the Supreme Court concluded that:
With reference to the subject of similar frauds practiced on various persons as the basis of representative suit, in Note, 1938, 114 A.L.R. 1015, 1019, it is stated:
`Thus far, neither under existing codes nor under general rules of law, has a representative action to recover damages for similar frauds practiced on numerous persons been upheld. In general, the objections to such suits seem to be the same as those applying to representative suits to rescind for fraud; namely, that the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts, and that a material difference in facts may exist. Furthermore, a choice of remedies is ordinarily presented, and the plaintiff cannot know that other persons similarly situated will not elect to affirm the fraudulent transaction.'
Thus, a lack of commonality in the parties' claims is at the root of the rejection of class action treatment for fraud claims. See Avila South Condominium Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 609 (Fla. 1977).
Again, in Lance v. Wade, 457 So.2d 1008 (Fla.1984), the Supreme Court held that fraud on individual contracts for the purchase *1289 of home lots could not be the basis for class action. Lance involved the purchasers of mobile home lots who claimed that they relied to their detriment upon fraudulent representations contained in the seller's public offering statement, advertising brochures, contracts for deed, as well as fraudulent representations made by the seller's employees. The Lance court made it clear that statements in Osceola Groves and Avila South still applied. The court reasoned that class action treatment was inappropriate because "[w]hat one purchaser may rely upon in entering into a contract may not be material to another purchaser." Lance, 457 So.2d at 1011.
The Vazquezes rely on Broin v. Philip Morris Companies, Inc., 641 So.2d 888, 891 (Fla. 3d DCA 1994), and cases cited therein, wherein we stated:
The trial will emphasize defenses applicable to the class as a whole, including such matters as whether defendants' behavior constituted an intent to defraud class members, and whether defendants conspired to conceal dangers of secondhand smoke. Class treatment will aid judicial efficiency and economy, and is warranted to avoid duplicitous litigation of these common issues.
However Broin involved the dismissal of a class action claim by flight attendants alleging injuries caused by the inhalation of second hand cigarette smoke in airplane cabins, a very different factual scenario than the controversy here under review. The dispute between homeowners and Shoma is analogous to the circumstances in Lance, making the holding of that case determinative of the instant controversy. The lack of commonality mandates reversal of the class certification as to the claims of fraud.
In a fall back position, the Vazquezes maintain that even if the homeowners cannot proceed as a class on their fraud claim, they should be able to proceed as a class on their breach of contract claim. The breach of contract claim constituted a separate and distinct count in their complaint. Also, as the trial court's order concluded "[a]ll class members signed the same sort of form contract for the Model C homes prepared by Shoma." They maintain that class treatment will aid judicial efficiency and economy, and is warranted to avoid duplicitous litigation of this common issue. Although the trial judge's ruling cannot stand as to the fraud count, we see no reason to reverse his decision as to the breach of contract count.
Accordingly, we reverse the order under review as it relates to the parties' claims of fraud. As to these claims, members of the class are entitled to proceed without prejudice individually against Shoma. The balance of the order is affirmed, the class action may go forward as it pertains to the claim of breach of contract.