[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11682

_____

D.C. Docket No. 06-20710 CV-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 14, 2008
THOMAS K. KAHN
CLERK

LEONARDO LOPEZ,
JIMA IBEROAMERICA, S.A.,

                                        Plaintiffs-Appellants,

                        versus

RICA FOODS, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 14, 2008)**

Before WILSON, COX and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The Plaintiffs, Leonardo Lopez and Jima Iberoamerica, S.A. ("Plaintiffs"), challenge on this appeal the district court's order granting the Defendant's, Rica Foods, Inc. ("Rica"), Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs argue that the district court erred in dismissing their securities and common law fraud claims for failure to state a claim upon which relief can be granted.[1] Alternatively, they argue that even if dismissal was proper, the court erred in dismissing with prejudice.

We review de novo the propriety of the district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002). Although the plaintiff's allegations are accepted as true, *id.*, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Jaharis*, 297 F.3d at 1188) (internal quotation marks omitted).

The district court did not err in granting Rica's motion to dismiss with respect to Plaintiffs' federal and state securities fraud claims, Counts I-III of the SAC. The SAC does not allege with particularity how Rica's representations were

---

[1] Plaintiffs do not challenge the district court's dismissal of their promissory estoppel claims, Counts VIII and IX of the SAC.

misleading, nor does it allege that Rica made the representations with the level of scienter required under the Private Securities Litigation Reform Act ("PSLRA") § 101(b), 15 U.S.C. § 78u-4(b)(2).

The district court did err, however, in dismissing Plaintiffs' fraudulent and negligent misrepresentation claims, Counts IV-VII of the SAC. The court found that Plaintiffs failed to allege that Rica's misrepresentations proximately caused their economic loss as required by *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627 (2005) ("*Dura Pharm*"). The court held that Plaintiffs adequately pleaded their fraud claims except for this defect.

*Dura Pharm* involved the interpretation of 15 U.S.C. § 78u-4(b)(4), which requires that "[i]n any private action arising under this chapter, the plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages." The "chapter" referenced in § 78u-4(b)(4) is Chapter 2B of Title 15 of the United States Code, commonly known as the "Securities Exchange Act of 1934."

The Court held that to satisfy § 78u-4(b)(4)'s causation requirement "a plaintiff [must] prove that the defendant's misrepresentation (or other fraudulent conduct) proximately caused the plaintiff's economic loss." *Id.* at 346, 125 S. Ct.

at 1633. Thus, *Dura Pharm* involved a "[p]rivate federal securities fraud action[] . . . based upon federal securities statutes and their implementing regulations." *Id.* at 341, 125 S. Ct. at 1630. The narrow scope of the holding is perhaps best reflected in the Court's opening statement: "A private plaintiff who claims *securities fraud* must prove that the defendant's fraud caused an economic loss." *Id.* at 338, 125 S. Ct. at 1629 (emphasis added).

The district court erred by requiring Plaintiffs to plead *Dura Pharm*'s loss causation analysis because Counts IV-VII of the SAC do not allege securities fraud, i.e., these claims do not "arise under" the Securities Exchange Act of 1934. Rather, these counts allege basic common law fraud. Specifically, they allege that Rica (through its president and CEO) misrepresented—both fraudulently and negligently—its intention to hold a private stock sale for the Plaintiffs, and, as a result, they were forced to sell their stock at a lower price. Curiously, the district court at times refers to these counts as "common law fraud claims" and "common law misrepresentation" claims (R.4-104 at 32), but appears to treat them as claims for "securities fraud" in discussing the loss causation requirement (R.4-104 at 35). But, because these claims do not arise under the Securities Exchange Act, § 78u-4(b)(4)'s heightened causation requirement, as interpreted by *Dura Pharm*, does not apply.

4

To adequately plead causation in a fraud claim under Florida law, a plaintiff must only allege damage or injury as a result of the misrepresentation. *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984) (listing as the fourth element of fraud "reliance on the representation to the injury of the other party"). The SAC satisfies this requirement.

Finally, Plaintiffs argue that the district court erred in dismissing their complaint with prejudice. We review the district court's decision to grant or deny leave to amend for abuse of discretion, *Jennings v. BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999), and we find no abuse of discretion here in the dismissal with prejudice of the securities claims. Plaintiffs were given several chances to correct previously defective complaints, and before granting leave to file the SAC, the court admonished Plaintiffs they had only one more shot at pleading properly.

In summary, we affirm dismissal with prejudice of Plaintiffs' federal and state securities fraud claims, Counts I-III of the SAC. We reverse dismissal of Plaintiffs' fraudulent and negligent misrepresentation claims, Counts IV-VII of the SAC.[2]

AFFIRMED IN PART, REVERSED IN PART.

---

[2] Rica argues on appeal that it is entitled to attorney's fees under Florida law as the "prevailing party" on Plaintiffs' state law securities fraud claim. An application for fees in this court should be filed with the clerk of this court. *See* 11th Cir. R. 39-2. An application for fees in the district court must first be addressed in the district court.