KHOUZAM, Judge.
 

 Denise Grillasca and Kelly Mayzik (the Appellees) filed a class action complaint against Hess Corporation for multiple claims arising from the “holds” allegedly placed on their bank accounts when they purchased fuel at self-service pumps using their debit cards without entering a personal identification number (pin). The circuit court certified a class under Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). Because individual issues predominate over common questions and because the record does not reflect that injunctive or declaratory relief is appropriate to the class as a whole, we reverse the order granting class certification.
 

 FACTS AND PROCEDURAL HISTORY
 

 This action arises from Hess’s business practice of obtaining preauthorization from a bank when a customer swipes his or her debit card at a self-service fuel pump and the customer does not enter a pin code. Because Hess does not know how much fuel the customer will eventually purchase, the amount of the preauthorization request may exceed the amount of the actual transaction.
 
 [1]
 
 Hess’s third-party processor converts the preauthorization request into a $1 status check and submits the status check to the bank to confirm that there is an open and active account associated with the debit card. When the bank receives the status check, the bank may place a hold on funds in the customer’s account until the transaction is settled. The amount of the hold may be greater than the $1 status check to cover the maximum amount the bank is required to pay to Hess if the customer’s account contains insufficient funds to settle the transaction. During the period of the hold, the funds may be unavailable for use in subsequent transactions.
 

 In their complaint, the Appellees claimed that in September 2005, a $75 hold was placed on each of their bank accounts after they purchased fuel from Hess using their debit cards without entering a pin code. They further claimed that they were unable to access the “held” funds in their accounts for several days. The Ap-pellees filed suit alleging six claims against
 
 *686
 
 Hess: violations of the Florida Deceptive and Unfair Trade Practices Act (FDUT-PA) (count I); injunctive and declaratory relief under FDUTPA (count II); fraud/intentional misrepresentation (count III); negligence (count IV); breach of contract (count V); and permanent injunctive relief (count VI). The Appellees sought damages arising from the loss of use of the funds in their bank accounts. They also sought injunctive and declaratory relief based on Hess’s alleged failure to adequately notify its customers that holds could be placed on their bank accounts in amounts that were in excess of the average purchase price of fuel.
 

 After an evidentiary hearing, the circuit court certified counts II and VI under rule 1.220(b)(2), and it certified counts I, III, IV, and V under rule 1.220(b)(3). In its order, the court certified the class defined as:
 

 All persons who purchased self service fuel at the pump in the State of Florida at a HESS owned or franchised fuel station after November 8, 2008 and which persons used a Checkcard/debit-card and who were subjected to a $75.00 or $50.00 preauthorization without warning or notification by HESS that HESS requested pre-authorization from the Checkcard/debitcard issuer for a $75.00 ($50.00 prior to September 1, 2005) purchase and which persons had a “hold” in the amount of the pre-authorization placed on their personal financial accounts which was in excess of the actual purchase price.
 

 THE REQUIREMENTS FOR CLASS CERTIFICATION
 

 Before a class action can be certified, the circuit court must conduct a rigorous analysis to determine whether the elements of rule 1.220 have been met.
 
 Rollins, Inc. v. Butland,
 
 951 So.2d 860, 867 (Fla. 2d DCA 2006). The party moving to certify the class has the burden of proving that the requirements in rule 1.220(a) and at least one of the three subdivisions of rule 1.220(b) have been satisfied.
 
 Id.
 
 at 868. Rule 1.220(a) requires that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim raises questions of law or fact common to each member of the class, (3) the claim of the representative party is typical of the claim of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of other members of the class.
 

 Rule 1.220(b)(2) allows for class certification where “the party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate.” Rule 1.220(b)(3) requires that common questions of law or fact predominate over any individual questions of the separate class members, and that class representation is superior to other available methods for the fair and efficient adjudication of the controversy.
 

 We review the circuit court’s order certifying a class action for an abuse of discretion.
 
 See Bouchard Transp. Co. v. Updegraff,
 
 807 So.2d 768, 771 (Fla. 2d DCA 2002).
 

 DISCUSSION
 

 On appeal, Hess contends that the circuit court erred in granting certification under rule 1.220(b)(3) because individual issues predominate over common issues. Hess argues that a class action trial would devolve into a series of mini-trials as to (1) whether a hold was placed on a putative class member’s bank account; (2) whether Hess effectively provided notice of the
 
 *687
 
 preauthorization request; (3) whether a putative class member sustained damages; and (4) if so, the amount of damages sustained. We agree that class certification was improper because of the individualized differences among the members of the putative class with respect to proof of liability and damages.
 

 If individual questions predominate, a class action trial is unmanageable.
 
 Humana, Inc. v. Castillo,
 
 728 So.2d 261, 266 (Fla. 2d DCA 1999).
 

 To certify a class, rule 1.220(b) requires not only that common questions exist, but that those common questions predominate over individual questions. Rule 1.220 also requires a class action to be manageable and superior to other proceedings. To determine if the requirements of Rule 1.220 have been met, a trial court must envision how a class action trial would proceed.
 

 Under this analysis, the trial court must determine whether the purported class representatives can prove their own individual cases and, by so doing, necessarily prove the eases for each one of the thousands of other members of the class. If they cannot, a class should not be certified.
 

 Id.
 

 Here, Hess presented evidence that not all banks place holds in connection with preauthorization requests. Furthermore, the length of the holds and the amount of the holds can vary based on a number of reasons. Hess’s expert testified that Hess’s third-party processor would convert the $75 preauthorization request into a $1 status check to submit to the bank. During an eight-day period in September 2005, however, the third-party processor failed to convert the $75 preau-thorization request into a $1 status check before submitting the request to the bank. As a result, Hess placed notices on some, but not all, of its fuel pumps to notify customers that a hold of up to $75 could be placed on their bank accounts.
 
 [2]
 
 Thus Hess’s alleged conduct was not the same for each member of the putative class.
 

 Moreover, not all the members of the putative class sustained damages arising from Hess’s alleged conduct. Evidence was presented that the banks continued to pay interest on the funds that were subject to the holds. Ms. Grillasca did not incur any charges as a result of the hold. Although Ms. Mayzik incurred overdraft charges as a result of the hold, these charges were later refunded by the bank. It is likely that many members of the putative class did not suffer a loss because they did not attempt to access the funds while the holds remained in place. Furthermore, class members with sufficient funds in their accounts would not sustain any losses because they would have been able to complete subsequent transactions after purchasing fuel from Hess. These members would be unaware that holds were placed on their accounts because the holds are usually not reflected in the monthly statements from the banks.
 

 Additionally, the supreme court has held that claims for fraud based on individual contracts cannot be the basis for a class action.
 
 Lance v. Wade,
 
 457 So.2d 1008, 1011 (Fla.1984). This court has applied the rule in
 
 Lance
 
 in reversing an order
 
 *688
 
 certifying a class action for alleged misrepresentations or failure to disclose information to potential enrollees in a health maintenance organization.
 
 Humana,
 
 728 So.2d at 266. In
 
 Rollins,
 
 this court also relied on
 
 Lance
 
 to reverse the class certification of claims based on misleading advertising and racketeering.
 
 Rollins,
 
 951 So.2d at 877-78. Therefore, the certification of the fraud/intentional misrepresentation claim (count III) was erroneous.
 

 We also reverse the circuit court’s certification under rule 1.220(b)(2) because the record does not reflect that injunctive or declaratory relief was appropriate to the class as a whole. Certification under this subsection is “appropriate only for the resolution of class claims that rest on the same grounds and apply equally to all members of the class.”
 
 Freedom Life Ins. Co. of Am. v. Wallant,
 
 891 So.2d 1109, 1117 (Fla. 4th DCA 2004).
 

 As discussed above, significant differences exist among the members of the class that will require individualized determinations as to Hess’s liability and whether damages exist and, if so, the amount of damages sustained. Therefore, certification under rule 1.220(b)(2) was improper.
 
 See Chase Manhattan Mortgage Corp. v. Porcher,
 
 898 So.2d 153, 159 (Fla. 4th DCA 2005) (reversing certification under rule 1.220(b)(2) where injunctive class lacked cohesiveness).
 

 CONCLUSION
 

 For these reasons, we conclude that the circuit court abused its discretion in certifying the class under rule 1.220(b)(2) and (b)(3). Accordingly, we reverse the order of class certification and remand this case to the circuit court for further proceedings.
 

 Reversed and remanded for further proceedings.
 

 CASANUEVA, C.J., Concurs.
 

 KELLY, J., Concurs in result only.
 

 [1]
 

 . Hess requested a $50 preauthorization prior to September 1, 2005. From September 1, 2005, to June 2008, Hess requested a $75 preauthorization. Hess has requested a $100 preauthorization since June 2008.
 

 [2]
 

 . The notices stated as follows:
 

 NOTICE: Debit and Check Card Customers!
 

 If you use your card without using the PIN number, your issuing bank may place a hold in excess of the transaction amount (up to $75) on your account for several days.
 

 To avoid such a hold, PLEASE press the
 
 DEBIT
 
 key before swiping your card, and enter your PIN number.