[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13050
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00016-HLA-JBT

LESTER MUHAMMAD,

Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Lester Muhammad appeals the dismissal of his fraud complaint

against defendant CitiMortgage, Inc.  Plaintiff argues on appeal that the district

court erred in dismissing his fraud claim on the ground that it was barred by the statute of limitations.  After careful review, we affirm.

## I. Background

This is a legal action brought by an individual whose real property loan, now paid off, was once serviced by defendant CitiMortgage.  Although Plaintiff has no ongoing relationship with CitiMortgage--he paid off his loan over two years ago and a release of the mortgage has been filed in the appropriate county courthouse--he alleges fraud by CitiMortgage, asserting that the latter may not have had the authority to service his loan.  He seeks a declaratory judgment directing CitiMortgage to provide him with the original note he signed and he also sues for damages based on the emotional distress he has suffered as a result of his concerns. The factual allegations are as follows.

In a December 9, 2004 letter, CitiMortgage notified Plaintiff that, due to a merger, it was becoming the servicer of Plaintiff's mortgage loan and that future payments should be sent to CitiMortgage.  Plaintiff apparently articulated no objection and began sending his monthly payments to CitiMortgage.  In 2006, after Plaintiff had problems with CitiMortgage improperly assessing late fees, Plaintiff called CitiMortgage to inquire about these fees.  During this call, Plaintiff told the agent that he did not remember seeing CitiMortgage at the table when he signed his paperwork at the closing, questioned whether "CitiMortgage ha[d] its

2

documents," and asked to inspect the original mortgage documents. CitiMortgage sent Plaintiff a copy of his mortgage note. Apparently satisfied, Plaintiff continued to make mortgage payments to CitiMortgage and, in November 2012, he was released from his mortgage after paying it off.

On January 6, 2014, Plaintiff filed a *pro se* complaint against CitiMortgage. In his amended complaint, Plaintiff alleged that CitiMortgage defrauded him by "falsely stat[ing] and/or falsely represent[ing] that it was the servicer of [his] loan." Plaintiff contended that, because CitiMortgage had never provided him with proof that it had a right to enforce his mortgage loan, he had no assurance that another creditor would not demand payment from him. As noted above, Plaintiff seeks a declaratory judgment, as well as punitive and actual damages.

CitiMortgage moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff's claims were barred by the applicable statute of limitations and that he had failed to state a claim upon which relief could be granted. The district court granted CitiMortgage's motion on the ground that Plaintiff's fraud claim was barred by the statute of limitations. Plaintiff has now appealed the district court's dismissal of his action.

## II. Discussion

We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the complaint's factual allegations as true and construing them

in the light most favorable to the plaintiff.  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  We also review *de novo* the district court's interpretation and application of the statute of limitations.  *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).

Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only where it is apparent on the face of the complaint that the claim is time barred.  *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008).  When ruling on a motion to dismiss, courts are limited to considering the pleadings and any attached exhibits.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

In a diversity action, federal courts apply the appropriate state's statute of limitations.  *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983).  Under Florida law, the statute of limitations for fraud actions is four years.  Fla. Stat. § 95.11(3)(j).  The limitations period begins to run from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.  *Id.* § 95.031(2)(a).

Here, the district court correctly concluded that Plaintiff's claim was barred by Florida's four-year statute of limitations for fraud claims.  The elements of a claim for fraud under Florida law are:  "(1) a false statement concerning a material

fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984). Plaintiff's fraud claim is based on CitiMortgage's allegedly false statement that it was the servicer of Plaintiff's mortgage, which statement was made in the December 9, 2004 letter from CitiMortgage notifying Plaintiff that CitiMortgage was becoming the servicer of his mortgage. Yet, as the district court concluded, even assuming that this 2004 letter contained false representations, those representations were made nearly ten years before Plaintiff filed his complaint in January 2014. A ten-year delay in filing a legal action greatly exceeds Florida's four-year statute of limitations.

Plaintiff contends, however, that he did not discover that CitiMortgage's claim of authority to service his loan was false until CitiMortgage failed to return his original note after he repaid the loan in November, 2012.[1] Yet, as noted above, the statute of limitations began to run when Plaintiff should have discovered the basis for his claim, had he exercised due diligence. *See* Fla. Stat. § 95.031(2)(a). And accepting as true all of Plaintiff's allegations, the basis for his fraud claim

---

[1] Strictly speaking, Plaintiff has still not "discovered" that CitiMortgage made any false statement concerning its status as servicer of Plaintiff's loan. He has merely discovered that CitiMortgage failed to give him back his original note.

could have arguably been discovered in 2004, when CitiMortgage indicated its status as the new servicer, and certainly could have been discovered in 2006 if Plaintiff had exercised due diligence.  That is, Plaintiff alleges in his amended complaint that in 2006 he asked CitiMortgage to show him the original documentation for his account.  Plaintiff did so because CitiMortgage had not been present at the original loan closing and Plaintiff wished to make sure that it had the appropriate documents.  In response, CitiMortgage provided Plaintiff with a copy of his note as proof of its right to collect his mortgage payments.  If it was significant to Plaintiff that CitiMortgage only possessed a copy of the note, and not the original, he was alerted to that fact in 2006.

In addition, Plaintiff's argument here--that CitiMortgage's failure to give him back his original note in 2012 when he paid off the mortgage aroused his suspicions as to the former's status--appears to be a red herring.  In reality, Plaintiff complains that CitiMortgage was not entitled to collect on the note without showing a valid assignment to it from the original party to the note or its assignees.  Yet, because Plaintiff was aware throughout his relationship with CitiMortgage that the latter was not an original party to the note, he would have also been on notice of the need to confirm that any assignment to it had been proper.  As he alleges in his amended complaint, "Plaintiff repeatedly inform[ed] CitiMortgage, that if you are not party to a note, and cannot show a valid

6

assignment via a showing of unbroken chain of title, [CitiMortgage] had no entitlement to collect from Plaintiff."

In short, Plaintiff has identified no information that he purportedly discovered after January 2010 (four years before he filed this action) of which he was not already aware well before that time.[2]  Accordingly, the district court did not err in dismissing Plaintiff's complaint as time barred.

**AFFIRMED.**

---

[2]  On appeal, Plaintiff also argues that pursuant to the Fraud Enforcement Recovery Act of 2009, 18 U.S.C. § 20, the applicable statute of limitations is ten years.  Because he is raising this argument for the first time on appeal, we do not consider this argument.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that issues not raised in the district court, but raised for the first time on appeal, will not be considered).  Likewise, we do not consider Plaintiff's argument that CitiMortgage made a false representation to him when it provided him with a copy of his mortgage note upon repayment, in lieu of the original note, because it is also raised for the first time on appeal.