23-57-cv
Associated Indus. Ins. Co. v. Kleinhendler

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Associated Industries Insurance Company, Inc.,

> *Plaintiff-Counter-*
> *Defendant-Appellee,*                23-57

> v.

Howard Kleinhendler,

*Defendant-Appellant,*

**Wachtel Missry LLP,**

*Defendant-Counter-Claimant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE:** | APRIL H. GASSLER, Sperduto Thompson & Gassler PLC, Washington, DC. |
| **FOR DEFENDANT-APPELLANT:** | HOWARD KLEINHENDLER, *pro se*, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Associated Industries Insurance Company (AIIC) sued Howard Kleinhendler and his former law firm, Wachtel Missry LLP, seeking a declaration that it need not provide insurance coverage for either defendant in another lawsuit brought by Allan Applestein. Applestein sought damages for legal malpractice, breach of fiduciary duty, elder abuse, and fraud related to the 2017

sale of land in Virginia, known as the Fones Cliffs Land, to Kleinhendler's company, the Virginia True Corporation.

As relevant here, the insurance policy contained an explicit exclusion for activities undertaken in the capacity of an officer of another business enterprise. The district court thus granted judgment on the pleadings to AIIC because it determined the policy exclusion unambiguously excluded coverage due to Kleinhendler's position with Virginia True. *See Associated Indus. Ins. Co., Inc. v. Wachtel Missry LLP*, No. 21-cv-3624, 2022 WL 4109771 (S.D.N.Y. Sept. 8, 2022). After additional proceedings not relevant here, Kleinhendler, an attorney proceeding pro se, appealed that decision. We assume the parties' familiarity with the remaining underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

We review orders granting judgment on the pleadings *de novo*. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim," under which a

3

complaint must "state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).

Kleinhendler contends that AIIC has a duty to defend him in the Applestein lawsuit because the lawsuit alleges some acts that could give rise to claims covered by the insurance policy, namely acts that occurred before the formation of Virgina True and acts related to the Fones Cliffs Land transaction that were unrelated to Kleinhendler's position with Virginia True. AIIC responds that it does not have a duty to defend him because the Applestein complaint squarely centers on the conflicted sale of the Fones Cliffs Land to Kleinhendler's company and its claims thus arise from Kleinhendler's position with that company.

Under New York law, an insurer's duty to defend is "exceedingly broad." *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 648 (1993) (quotation marks omitted). To be relieved of its duty based on a policy exclusion, an insurer has a "heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion," that the exclusion is "subject to no other reasonable interpretation," and that there is no "possible factual or legal basis

4

upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997). Importantly, "[i]f any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *Id.*

The issue, then, is whether the Applestein complaint brings claims that could potentially result in liability *not* arising out of Kleinhendler's position with Virginia True. Upon review of the complaint, we conclude that it does not. Although the complaint contains allegations predating the creation of Virginia True, it does not state any claim for liability that does not arise out of Kleinhendler's position with his company. AIIC has carried its burden to demonstrate it has no duty to defend Kleinhendler in the Applestein suit.

Applestein brought four claims against Kleinhendler: (1) legal malpractice; (2) breach of fiduciary duty; (3) elder abuse; and (4) fraud. The core premise of the legal malpractice claim was that Kleinhendler and Wachtel Missry failed to advise Applestein to obtain a mortgage on the Fones Cliffs Land transaction with Virginia True, that they had a conflict of interest in the Fones Cliffs Land

5

transaction because of Kleinhendler's position with Virginia True, and that they failed to obtain Applestein's informed consent for the land sale.

The other three claims similarly arise from Kleinhendler's actions in relation to the same conflicted transaction. The claim for breach of fiduciary duty alleges that Kleinhendler encouraged Applestein "to agree to a risky and less favorable deal" for the Fones Cliffs Land and "negotiat[ed] and enter[ed] a transaction where [Kleinhendler's] interests were adverse to [Applestein's]." The elder abuse claim similarly alleges that Kleinhendler took advantage of Applestein's diminished capacity in order to obtain the land. And the fraud claim alleges that Kleinhendler made knowingly false statements "in order to induce [Applestein's] reliance upon the misrepresentations . . . with the express purpose of inducing Plaintiffs to sell Virginia True the Fones Cliffs Land."

That each and every claim arises from the sale of the Fones Cliffs Land to Virginia True is confirmed by the damages Applestein seeks—$7,724,200.36, apparently corresponding to the amount he lost as a result of the transaction and a loan he made to HK Consulting Group LLC (another Kleinhendler company) in connection with it, plus interest.

6

True, the complaint also contains allegations about conduct predating the existence of Virginia True. Applestein alleges that Kleinhendler misadvised him to reject two advantageous offers to purchase the land from a Peter Jarowey because he "had come up with an idea to develop the land." App'x 45, ¶ 11A-B. Kleinhendler allegedly "want[ed] to scuttle the deal so that he could get control of the Fones Cliffs Land." *Id.* ¶ 11B. All this occurred several years before, as alleged in the complaint, Kleinhendler created the Virginia True Corporation in order to purchase the Fones Cliffs Land. *See id.* at 49, ¶ 27.

However, as noted above, the actual claims stated in the Applestein complaint all arise from Kleinhendler's position with Virginia True. While the fraud claim alleges that "Kleinhendler also specifically stated that the Jarowey deal was fraudulent, when in fact, it was not," *id.* at 57, ¶ 76, this alone does not state a fraud claim under Florida law. That claim requires not only a knowingly false statement concerning a material fact, but also "the intent by the person making the statement that the representation will induce another to act on it," as well as "reliance on the representation to the injury of the other party." *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla 1984). Here, the intent to induce and the

7

reliance alleged in the complaint both relate to the sale of the Fones Cliffs Land to Virginia True. The complaint alleges that Kleinhendler made his misrepresentations "with the express purpose of inducing [Applestein] to sell Virginia True the Fones Cliffs Land," which Applestein then did. The actual basis for potential liability that the claim creates, then, still arises from Kleinhendler's conduct in his capacity with Virginia True. Even if some of the underlying allegations predate Virginia True, when read in context they do not support any legal claims that do not arise at least in part from Kleinhendler's position with that company.

In short, all of Kleinhendler's potential liability in the Applestein suit stems at least in part from his position with that company. Therefore, the district court properly concluded that AIIC's policy exclusion applied. AIIC does not have a duty to defend Kleinhendler in the Applestein action.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8